NELSON WESTOVER ET AL V. HENRY E. LEWIS.

FILED APRIL 11, 1893.    No. 4326.

1. **Finding in Case Tried to Court:** REVIEW. The finding
of a court, in a case tried without the intervention of a jury,
has the same force as a verdict and will not be disturbed where
the evidence is conflicting.

2. **Dismissal.** Where testimony has been introduced justifying
the granting of any relief, and in support of any issue, the court
cannot dismiss the action because of a failure of proof upon
other issues.

3. **Finding in Support of Temporary Injunction:** RE-
VIEW. A judgment containing a finding that a temporary in-
junction was properly allowed will not be reversed where such
finding does not prejudicially affect the rights of the party com-
plaining, and the judgment is otherwise correct.

ERROR from the district court of Lancaster county.
Tried below before FIELD, J.

*Billingsley & Woodward, J. E. Philpott,* and *W. H.*
*Westover,* for plaintiffs in error.

*Henry E. Lewis, Frank W. Lewis,* and *Robert Ryan,*
contra.

IRVINE, C.

This is a proceeding in error seeking to reverse a judg-
ment of the district court of Lancaster county entered in
two cases which had been consolidated and tried together.
One of these cases was brought by the defendant in error
against Nelson Westover, John Fisher, A. H. Westover,
and Jennie Westover, upon a bond executed by Nelson
Westover as principal, and the other defendants named as
sureties, which bond recites an agreement between Nelson
Westover and Lewis, contemplating the sale by Westover to

Lewis within a period of two years from the date of the bond and agreement, of promissory notes secured by chattel mortgages or otherwise, and the indorsement of such notes to Lewis; Westover guaranteeing to Lewis and his assigns payment within thirty days after maturity of each and every of the promissory notes so sold and indorsed with interest, and agreeing to collect said notes without expense to Lewis, and agreeing that if any note should not be paid within thirty days after maturity to forthwith pay said note to Lewis or his assigns. The condition of the bond was for the payment by Westover to Lewis within thirty days after maturity of each and every of said notes so sold with interest, and generally for the performance of the contract. The petition sets up the purchase by Lewis from Westover of certain notes, the failure to pay the same, and prays judgment accordingly. The second action was brought by Lewis against Westover alone, alleging that in 1885 he placed in the hands of Westover a large number of notes theretofore purchased from Westover with the agreement on the part of Westover to collect and remit. That Westover collected a large sum on the notes, failing to remit the proceeds, and in some cases taking horses and cattle in payment of the notes, and investing the proceeds of other notes in horses and cattle, and when requested to pay over the proceeds, that he gave Lewis security on said horses and cattle through an instrument, in form a bill of sale, attached to the petition. Lewis alleges that said instrument was given to secure the payment of the money so collected, and for no other purpose. The petition in the second case further alleges that Westover was threatening and about to sell said property, declaring Lewis to be its owner, and claiming the right to sell the same to pay costs of keeping said stock, and bringing from Boone county to Lancaster county ; further, that there was a large amount of money due to Lewis from Westover secured by said instrument. The petition prays that Westover be enjoined

from selling and disposing of said stock; that an accounting be had, and the property sold and proceeds applied to the payment of the amount found due the plaintiff.

In this second action an injunction seems to have been granted *pendente lite*. Subsequently the defendant moved to modify the injunction so as to allow him to sell the property and bring the proceeds into court, subject to its further order. Thereupon an order was made directing the property to be sold by the sheriff and the proceeds brought into court; this was done. Thereafter John Fisher and Jennie Westover intervened in this action by a petition setting up an agister's lien upon the stock. It is unnecessary for the purposes of this decision to state the nature of the other pleadings in the two cases, except to say that by appropriate pleadings the whole subject-matter of the actions was substantially put in issue, except that the agreement and bond alleged in the first petition was admitted, and that in the second case Nelson Westover by answer alleged that the bill of sale referred to was in pursuance of an absolute sale of the stock in question to Lewis and was not given as security.

Upon the trial of the case the court found due Lewis from Westover $3,054.65, and the same amount due from John Fisher and A. H. Westover as sureties upon the bond. The court further found in favor of the defendant Jennie Westover, upon the defense of coverture set up by her, and dismissed the action as against her. The court further found that the injunction had been properly allowed; that Nelson Westover was the owner of the stock, subject to a lien of Lewis by virtue of said bill of sale for any indebtedness existing, and that Lewis was entitled to the proceeds of the sale of the cattle then in the hands of the clerk. Judgment was rendered accordingly.

The assignments of error are quite general in their terms, and for the most part raise no questions except as to the sufficiency of the evidence. The principal conten-

tion is against the finding of the court whereby the trans-
fer of the stock from Nelson Westover to Lewis was de-
clared to be a mortgage. Another assignment relates to
the finding of the amount due. Upon these questions the
briefs are voluminous, and the testimony relating thereto,
preserved in the bill of exceptions, is of very considerable
bulk. It would serve no useful purpose to expand this
opinion by a review of the evidence. This court, in the
exercise of its appellate jurisdiction, is not a court for the
determination of issues of fact where the evidence is con-
flicting. A careful examination has been made of the
record, and it very clearly discloses sufficient evidence to
sustain the findings of the trial court in both particulars.
It is indeed admitted in the brief of plaintiff in error that
Lewis's testimony shows the transfer of stock to be a mort-
gage. The testimony offered on his behalf, as to the
amount of indebtedness, is as clearly sufficient upon that
point.

It is also contended that the court erred in overruling a
motion made when Lewis rested his case in chief; that the
equity branch of the case should be dismissed for the rea-
son that no evidence had been offered in support thereof.
The argument upon this point is directed to the fact that
all the evidence offered at that time had related to the in-
debtedness from Westover to Lewis, and that no evidence
had been offered to sustain the allegations as to Westover's
threatening to dispose of the live stock. The object of the
equity case was not, however, merely to obtain the injunc-
tion. It sought an accounting and a foreclosure of the in-
strument claimed by Lewis, and found by the court to be a
chattel mortgage. The action might well have been main-
tained as one for an accounting alone. The first action
was one at law upon the bond. The second was for an ac-
counting upon an indebtedness arising in the same manner,
but to enforce different security. The plaintiff had a right
to maintain both actions, and the testimony offered by him

in chief tended to support both cases. There was, therefore, no error in overruling this motion. Indeed, it may be doubted whether error can be predicated in any case upon such a ruling where the party moving for a dismissal, instead of resting upon his motion, proceeds to introduce evidence, and the whole evidence in the case supports the cause of action.

The only other error of law specifically referred to is. the finding of the court that the injunction was properly granted. If this was an error, it was without prejudice. The court found that Lewis had a mortgage upon the cattle for more than they proved to be worth. Westover had no right to sell them, and furthermore, upon Westover's own motion, a sale was made under the direction of the court, and the proceeds held to await the determination of the action. We cannot see how this finding as to the right of plaintiff to an injunction at the institution of the suit in any way affects the rights of the defendants. The judgment of the district court was right and is

AFFIRMED.

RAGAN, C., concurs.

RYAN, C., took no part in the decision.