## John F. Coad v. Travelers' Insurance Company of Hartford, Connecticut.

FILED MARCH 20, 1901.   No. 9,313.

1. **Accident Insurance:** Provision of Policy for Total Disability: No Recovery for Partial Disability. In a policy of accident insurance, wherein it is provided for indemnity when the injury resulting from an accident shall "wholly disable him from transacting any and every kind of business pertaining to his occupation," a partial disability only in conducting the business pertaining to the occupation given will not justify a recovery under the provisions of the policy.

2. **Phrase "Wholly Disabled" Should Be Given Reasonable Construction.** The phrase "wholly disabled" should be given a reasonable and practical constructon, so as to carry out the intention of the parties, and give to the assured the protection contracted for.

3. **Total Disability:** Definition. If an injury received by the assured renders him less capable of performing the duties required in the conduct of his business, but notwithstanding the same he is able to devote substantially all of his time to the business, and to do practically all kinds of work, and perform all necessary acts for the prosecution thereof and accomplish, substantially, results of the same character as before the injury, he would not be wholly disabled from transacting "any and every kind of business pertaining to his occupation," within the meaning of the contract of insurance.

4. ———: ———. Where there are different branches of the business pertaining to the occupation in which a party is insured, the prosecution of one of which might be prevented by an injury, and yet the other engaged in, prosecuted and carried on, the injury would not then be regarded as preventing the assured from performing "any and every kind of business pertaining to his occupation," within the meaning of the policy.

5. ———: ———: Evidence. Evidence examined, and, when most favorably construed towards the plaintiff, *held* the jury would not be warranted in inferring a total disability, within the meaning of the contract, entitling the plaintiff to recover, and that a peremptory instruction to return a verdict for the defendant was proper.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J. *Affirmed.*

*Constantine J. Smyth* and *J. J. O'Connor*, for plaintiff in error.

*Charles Offutt* and *W. W. Morsman, contra.*

HOLCOMB, J.

A policy of accident insurance was issued to plaintiff in error, also plaintiff below, by the defendant insurance company, in which it was provided that the insurance was "against loss of time not exceeding 26 consecutive weeks resulting from bodily injuries effected during the term of this insurance, through external, violent and accidental means, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation." In the policy the occupation was given as a capitalist, it being a preferred classification of risks. The plaintiff, according to the allegations of the petition, received, during the continuance of the policy, a personal injury by the bursting of a bottle, cutting his left hand, the cut being, it is alleged, "quite deep, severing several of the tendons of the fingers and damaging others; and he thereby became totally disabled from attending to any business, said hand being totally disabled." After issues were joined and a trial to a jury, the court, on the request of the defendant, peremptorily instructed the jury that "Under the pleadings and the proof in this case the plaintiff cannot recover and the jury will therefore return a verdict for the defendant." An exception to the instruction was duly taken, and upon a motion for a new trial being overruled and judgment entered on the verdict, error proceeding was begun in this court to secure a reversal of the judgment.

The sole question presented and argued is whether, under the evidence, the question of total disability of the plaintiff from the effects of the injury sustained and pleaded in the petition should have been submitted to

the jury as a question of fact for their determination; or, to state the proposition in another way, would the evidence support a verdict for the plaintiff had the jury so found? The injury occurred September 17, 1893. It is described by the physician called to dress it as "a slight laceration, as I remember it now, over the back of his left hand * * * an inch and a half back of the knuckle of the first finger. * * * I think it was probably about a quarter of an inch [across]. * * * It went through the skin and, as I remember it, through the outside of this tendon [of the first finger]. I removed a small piece of glass from the wound and then I dressed the wound." On February 5, "as I recollect, there was a slight elevation at the seat of the original injury, and on pressure I felt confident that I detected a piece of glass. I opened it, made a slight opening and extracted a small piece of glass that I had failed to discover on the 18th of September, 1893." The witness had seen the wound professionally several times between the time when the injury occurred and February 5, when the second piece of glass was removed, and once afterwards. In describing the injury further he says: "His hand was quite tender in that location and there was inability to—that is what causes him pain—to extend or flex these fingers of his left hand. * * * This tendon that supports and controls the first finger was very much lacerated."

The following, aside from the foregoing, may be regarded as a fair epitome of the testimony of the case regarding the plaintiff's ability to conduct, oversee and attend to his business. He went to his office the day following the injury, which occurred on Sunday, and was not at any time subsequently prevented, by reason of the injury, from going to his office and directing the management of his business affairs. He visited the World's Fair at Chicago for a week the latter part of the same month the injury was received. He was able to attend meetings of the board of directors of banks in which he had an interest in both Omaha and South Omaha. He wrote a

letter, dictated others and signed checks. He was at his office to look after his business interests every day, unless called elsewhere on other business matters or when visiting the World's Fair. He was unable to button his collar, tie his shoes, or divide his food at meals. He experienced a great deal of pain in consequence of the accident. He had interests in different parts of the state, in California and Texas, which he claims he did not and could not personally visit and look after during the time mentioned and when the injury is claimed to have totally disabled him from attending to his business. While the plaintiff testifies to his disabilities from the accident, he does not testify to facts upon which to base an inference that he was prevented from performing any of the more important duties or work pertaining to his business or occupation as a capitalist. It is not, we think, shown that he was unable to do any usual and ordinary work, pertaining to his occupation, with the possible exception of letter writing, and he says on this point that his correspondence was limited, that he dictated some of it, and also that he could write by holding his left hand up, which position it appears was necessary to avoid severe pain from the injury.

The policy indemnified him against loss of time, when, independent of all other causes, he was wholly disabled by accident "from transacting any and every kind of business pertaining to his occupation." Will the evidence sustain a recovery under these provisions? What are the just deductions to be made with reference to the ability of the plaintiff to attend to and carry on his business notwithstanding the injury received? We think the only just inference warranted is that the conduct of his own business was substantially carried on by him after the injury the same as before. He attended to his business at all times. He employed no substitute during any portion of the time. At no time was he prevented from leaving his home, attending his office, directing his business, or taking part in the deliberations of the boards of di-

rectors of the banks in which he was interested. The injury was of the left hand and doubtless a very painful one, but it does not appear that the pain, notwithstanding its severity, incapacitated him from the management and direction of his various business enterprises in which he was engaged or had an interest. He was required to exercise his mind and business judgment rather than employ any member of his body in prosecuting his work. His correspondence is perhaps an exception, and yet from his testimony it is quite clear that this branch of his business affairs suffered no substantial impairment by reason of the injury, and his letter-writing and check-signing were performed substantially as before the injury. It may be conceded that he was unable, during the time of the injury, to visit and personally inspect his business enterprises in other states; and yet this could only be regarded as a minor part of his general business, and especially in view of the fact that the management of such enterprises was generally by proxy and through correspondence. The injury at most deferred for a short time a personal visit, but did not prevent the management of the business in the usual way.

To sum up, it appears from the record that plaintiff's business matters were attended to, looked after and directed by him during the period for which a recovery is sought, much in the same manner, speaking generally, and substantially in all important particulars as he was accustomed to do before the accident. It is true, as we view the evidence, that during most of the period mentioned he was greatly inconvenienced in the prosecution of his business by reason of the injury, and especially because of its painful character, and that he was not able to devote himself to his work with the close application, energy and attention in the performance of details that he otherwise would. His ability to concentrate his mind, and exercise cool, deliberate and calculating judgment regarding business affairs may have been more or less impaired by reason of the injury. But these mat-

ters can only be regarded in the light of a partial disability, for which no recovery was contemplated or can be had. The evident intention of the parties, as disclosed by the contract of indemnity, is that the assured shall be "wholly disabled," the phrase, of course, to be given a reasonable and practical construction, so as to carry out the intent of the parties and to give to the assured the protection contracted for. It is, however, not contemplated by the parties that a recovery can be had for a disability that is partial only. The parties contracted for an indemnity for a total disability, and upon which the consideration required to be paid by the assured was based. Without discussing the reason or practical wisdom for such provisions in this character of insurance, we conceive a fair construction of the contract to require that where the disability is partial only, no liability attaches to the insurer under the terms of the policy. If the injury received by the assured renders him less capable of performing the duties required in the conduct of his business, but, notwithstanding the same, he is able to devote substantially all of his time to the business, and to do practically all kinds of work and perform all the necessary acts for the prosecution thereof, and accomplish, substantially, results of the same character as before the injury, he would not be "wholly disabled from transacting any and every kind of business pertaining to his occupation," within the meaning of the contract of insurance.

In *Turner v. Fidelity & Casualty Co.*, 112 Mich., 425, under a policy of similar terms as in the case at bar, it is held that an injury from dislocation of a shoulder of a real estate broker is not partial only, so as to deprive him of the right to recover, when, although he goes to his office every day, he is practically unable to do any kind of work. This statement appears to be sound; but we think a difference exists as to the facts, it appearing in the present case that plaintiff was able to practically perform all important duties devolving on him in the

conduct of his business as a capitalist.   In the opinion in the case just cited it is said: "We find nothing in the record which shows or tends to show from the testimony of the plaintiff or his attending physician, that the plaintiff was not totally disabled from attending to and prosecuting any and every kind of business pertaining to his occupation."  We do not think the same can be said of the record in the case at bar.

A rule of construction relative to contracts of indemnity of the kind under consideration, which appeals to us as being grounded in wisdom and sound reasoning, is found in the case of *Young v. Travelers Ins. Co.*, 80 Me., 244, where it is stated by the judge writing the opinion: "A contract of insurance is to receive a reasonable construction so as to effectuate the purpose for which it was made.   In cases of doubt it is to be liberally construed in favor of the insured that in all proper cases he may receive the indemnity contracted for.   At the same time, legal effect should be given to all the language used for the purpose of guarding the company against fraud and imposture. The object to be accomplished by this contract was, indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy.   He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution.   If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was unable to do and perform one only, he was as effectually disabled from performing his business as if he could do nothing required to be done, and while remaining in that condition he would suffer loss of time in the business of his occupation."

It is not to be doubted that if in the prosecution of a business several necessary acts are to be performed to accomplish the work engaged in, and one is disabled from performing one or more of the necessary acts, such disability would render him totally disabled from prose-

cuting such business. A distinction, however, is to be made between the prosecution of a business such as that just spoken of and one where there are several branches, the prosecution of one of which might be prevented by an injury, and yet other branches of his business might be engaged in, prosecuted and carried on, and the injury, therefore, would not be regarded as a total disability, preventing the assured from performing "any and every kind of business pertaining to his occupation," under the provisions for indemnity of the kind quoted, entitling the party thus injured for loss sustained by reason thereof. Thus it is observed by Mitchell, **J.**, in writing the opinion of the court in *Lobdill v. Laboring Men's Mutual Aid Ass'n,* 69 Minn., 14: "Under the particular terms of this policy, to-wit, 'from transacting any and every kind of business pertaining to the occupation above stated' (merchant), inability to perform some kinds of business pertaining to that occupation would not constitute total disability within the meaning of the policy. For example, the occupation of a retail country merchant, (as plaintiff was) embraces various departments or kinds of business, such as keeping the books, making out accounts, and settling with customers; waiting on customers, and doing up their purchases in packages; also the handling and arranging of goods in the store. If an injury disabled the insured merchant from transacting one or more of these branches of the business, but left him able to transact others with due regard to his health, he would not be totally disabled within the meaning of this policy."

Of the same general tenor and purport as the cases heretofore cited are the following: *Thayer v. Standard Life & Accident Ins. Co.,* 41 Atl. Rep. [N. H.], 182; *Wolcott v. United Life & Accident Ass'n.,* 55 Hun [N. Y.], 98; *Neafie v. Manufacturers Accident Indemnity Co.,* 55 Hun [N. Y.], 111; *Hooper v. Accidental Death Ins. Co.,* 5 H. & N. [Exch.], 545; *Sawyer v. United States Casualty Co.,* 1 Bigelow, Life & Accident Ins. Rep., 289.

Our judgment is that, from all the evidence most favorably construed toward the plaintiff, the jury would not be warranted in inferring a total disability, within the meaning of the contract, resulting from the injury, which would entitle plaintiff to recover, and that the peremptory instruction to return a verdict for the defendant was, therefore, proper. The judgment should be affirmed, which is accordingly done.

AFFIRMED.