JOHN HAMBLIN, APPELLEE, V. EQUITABLE LIFE ASSURANCE SOCIETY, APPELLANT.

FILED MAY 12, 1933. No. 28531.

*Brown, Fitch & West,* for appellant.

*Troyer, Pardee & Felton, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action based on a group policy of life insurance and an individual certificate issued to plaintiff, who recovered judgment. Defendant has appealed.

Defendant issued to Union Pacific Railroad Company the policy in question, insuring the lives of certain of its employees. Plaintiff was one of the insured. In a rider attached to the policy, the defendant agrees "that, if any employee insured under this contract shall furnish the society with due proof that he has, before having attained the age of 70, become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations, the society will, at the option of the employer, pay, during such disability and in full settlement of all obligation under this contract pertaining to such life insured, the full amount of the insurance on such life in five equal annual instalments, the first instalment to be payable six months after receipt of due proof of such permanent total disability and the remain-

der annually thereafter." By a provision in the policy, the amount of plaintiff's insurance was limited to one year's salary, which, in the instant case, amounted to $1,140. The instalment payments therefor would be $228 each. When the action was brought only four instalments were due, and it was for this amount plaintiff sought recovery.

In his petition plaintiff alleged that, while in the employ of the railroad company, he had received an injury, as the result of which he was totally and permanently disabled from pursuing any and all gainful occupations. Defendant in its answer denied plaintiff's total and permanent disability, and alleged that the Union Pacific Railroad Company had not exercised the option provided for in the quoted rider, and that this was a condition precedent to any right of plaintiff to recover. To the latter defense plaintiff in his reply pleaded an estoppel.

From the evidence it appears that prior to bringing action plaintiff made demand upon defendant for payment of the four instalments, and defendant refused, on the sole ground that plaintiff was not totally and permanently disabled from pursuing any and all gainful occupations. It is a familiar rule that, "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold." *Mitchell v. Brotherhood of Locomotive Firemen and Enginemen*, 103 Neb. 791. See *Ballou v. Sherwood*, 32 Neb. 666; *Frenzer v. Dufrene*, 58 Neb. 432; *First State Bank of Overton v. Stephens Bros.*, 74 Neb. 616; *Powers v. Bohuslav*, 84 Neb. 179; *Yates v. New England Mutual Life Ins. Co.*, 117 Neb. 265; *Ohio & M. R. Co. v. McCarthy*, 96 U. S. 258, 24 L. Ed. 693. Under the facts disclosed by the record, failure of the railroad company to exercise the option provided for in the rider is not available as a defense.

It is earnestly insisted by defendant that the evidence will not support a finding that plaintiff is totally and permanently disabled, within the meaning of the terms of the policy. It appears that by occupation plaintiff was a cook, and that, while so engaged in the employ of the Union Pacific Railroad Company, he received a severe injury which did not, at the time, incapacitate him for his work, but that he continued for nearly a year thereafter, when, by reason of the injury received, the railroad company deemed it unsafe for him to continue his work, and he was discharged. The injury that he received affected the lower portion of his spine and resulted in spastic paralysis of plaintiff's legs. After his discharge by the railroad company, plaintiff attempted to pursue his occupation as a cook with other companies, but was unable to do more than a small part of his work, his wife assisting him and doing the greater part of the work. Plaintiff's disability increased to such an extent that he is totally unable to follow his occupation or perform any other substantial amount of physical labor; but he is able to use a telephone and solicit orders for the sale of merchandise, and has thereby been able to earn a trifling sum. Apparently, it is defendant's contention that the disability contemplated by the policy is that plaintiff must be so entirely disabled as not to be able to earn any wages or income whatever.

The expressions used in the policy of insurance and other like expressions in other policies have received the attention of many of the courts of this country, and, with few exceptions, they hold that the terms of an insurance policy are not to be construed literally. We think the great weight of authority, as well as that supported by the better reason, requires that a contract of insurance should be given a reasonable construction so as to effectuate the purpose for which it was made. In cases of doubt, it is to be liberally construed in favor of the insured, so that in all proper cases he may receive the indemnity contracted for. *Young v. Travelers Ins. Co.,*

80 Me. 244; *Coad v. Travelers Ins. Co.*, 61 Neb. 563, 569. If the language of the policy were to be literally applied, in order to recover one would have to be either deprived of mentality or be physically helpless to do anything. Such was not the contemplation of the parties. In interpreting similar provisions in other policies, the courts usually take the view that total disability to pursue any occupation exists when the injured party is unable to perform the substantial duties of that occupation. Many authorities are collated in an annotation to the case of *Metropolitan Life Ins. Co. v. Blue* (222 Ala. 665) 79 A. L. R. 852, the annotation appearing at page 857 *et seq.*

In the case of *Maresh v. Peoria Life Ins. Co.*, 133 Kan. 191, it was said: "The court regards the policy as one designed to provide a substitute for earnings when the insured is deprived of capacity to earn by bodily injury or disease. He must be prevented from performing work and conducting business for compensation or profit. Interpreting the policy in the light of its purpose, the words 'performing any work' mean engaging in any gainful occupation or employment in the customary manner as a workman. The words 'conducting any business' mean managing, directing, controlling, or carrying on habitually any gainful enterprise involving transactions, dealings, and the like, as distinguished from work as just defined. The words 'for compensation or profit' mean remuneration for effort expended in performance of work or conduct of business. The definitions contemplate the substantial doing of those things which are generally regarded as constituting performance of work and conduct of business, and not simply the sporadic doing of simple tasks, or the giving attention to simple details incident to performance of work or conduct of business. The definitions also contemplate that compensation shall be in a fair sense remunerative, and not merely nominal."

The term "total disability" is rarely, if ever, given a strictly literal meaning of absolute helplessness or entire physical disability, but rather inability to do substantially,

or practically, all material acts for the transaction of insured's business in the customary and usual manner. *Provident Life & Accident Ins. Co. v. Harris,* 234 Ky. 358. Sound reason and the great weight of authority sustain this view. It is unnecessary to encumber this opinion with a citation of the many authorities holding to like effect. We are satisfied from the evidence that the finding of total disability is amply sustained. The evidence further discloses that the spastic paralysis from which plaintiff is suffering is progressive in its nature, and will continue throughout his life.

Complaint is also made of the refusal of the court, at defendant's request, to have the Union Pacific Railroad Company made a party to the litigation. We find nothing in the record which would justify the court in requiring the railroad company to be made a party. So far as we are able to see, it has no financial interest in the litigation. The only party who could claim any benefits under the policy and certificate issued to plaintiff was the plaintiff himself. The only one to pay, if a liability exists, is the defendant. No recovery could be had by the railroad company; nor is anything demanded of it. We think the request to make the railroad company a party defendant was properly denied.

The record appears to be free from prejudicial error.

AFFIRMED.