JOHN C. OSWALD, APPELLANT, v. EQUITABLE LIFE ASSURANCE SOCIETY, APPELLEE.

FILED DECEMBER 31, 1934. No. 28988.

*G. H. Seig,* for appellant.

*Brown, Fitch & West, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

RYAN, District Judge.

This action was brought by the appellant to recover accrued, total, permanent disability indemnity in the sum of $1,000 under a group insurance policy written upon employees of the Union Pacific Railroad Company by the

appellee. The appellant for a number of years prior to January 10, 1931, was employed by the Union Pacific Railroad Company as a switchman. On January 10, 1931, he was retired from the service of the railroad company on account of physical disability consisting of deafness and ulcers of the stomach. He alleges in his petition that he became and was totally disabled and from January 10, 1931, will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations, and that he was then under the age of 70 years. On January 1, 1923, the appellee issued to the plaintiff, as one of the employees of the Union Pacific Railroad Company, its individual certificate No. 25206 under its group insurance policy with said railroad company, whereby the appellant became and was insured in the event of total and permanent disability to the extent and in the sum of $2,500; that the plaintiff made claim upon the defendant and gave notice to the railroad company and submitted proof of his disability. The defendant acknowledged receipt of proof and evidence in support of appellant's claim, but denied liability upon the ground that the appellant's disability is not total and permanent; that the plaintiff's wages for a period of one year amounted to the sum of $2,500; and that the annual instalments now due amount to the sum of $1,000 with interest from January 10, 1931. Appellant also claims a reasonable attorney's fee to be taxed as costs. The Union Pacific Railroad Company was joined as a defendant, but no cause of action is stated as to it and the case is dismissed as to it.

In its answer the defendant admitted the employment of the plaintiff as alleged, the issuance of the certificate and the fact that the same was issued in pursuance of said policy of group insurance, but denied the other allegations of plaintiff's petition. For further answer the defendant set out the total, permanent disability clause relied upon, and in that connection alleged the railroad company had not exercised the option provided in the certificate and

that proof had not been furnished the appellee that appellant had become wholly disabled by reason of bodily injuries or disease and that he will be permanently, continuously and wholly prevented thereby during life from pursuing any and all gainful occupations. The plaintiff filed a reply in which he denied all the allegations of the answer of the appellee except the admissions contained therein, and alleged that the fact that the Union Pacific Railroad Company had not exercised an option to have the insurance benefits paid to the plaintiff by the appellee is immaterial.

At the close of the evidence the court sustained a motion to direct a verdict in behalf of the appellee. Motion for a new trial was duly filed and was overruled. The appellant brings the case here for review.

The evidence showed that the appellant was 43 years of age and a married man; that he had been in the service of the railroad company continuously from January, 1918, to January 10, 1931, except for his service in the army during the years 1918 and 1919. Briefly the evidence disclosed that the plaintiff had suffered a total loss of hearing in the right ear and a 50 per cent. loss in the left ear and that he suffered from chronic ulcers of the stomach. After his dismissal by the railroad company the appellant endeavored to gain a livelihood by engaging in business. He appears to have made two business ventures. The first was with the Safety Signal Manufactury, a concern that manufactured reflectors and other safety signal devices for trucks. The second was with the LaDana Sales Company. Both of these business ventures proved failures and the defendant withdrew very little, if any, greater sum than he had invested in them.

This question was before this court in the case of *Hamblin v. Equitable Life Assurance Society*, 124 Neb. 841, opinion by Justice Good. In that case, as in this, it was contended by the defendant that the disability contemplated by the policy is that the plaintiff must be so entirely disabled as not to be able to earn any wages or

income whatever. In disposing of that contention this court said:

"The expressions used in the policy of insurance and other like expressions in other policies have received the attention of many of the courts of this country, and, with few exceptions, they hold that the terms of an insurance policy are not to be construed literally. We think the great weight of authority, as well as that supported by the better reason, requires that a contract of insurance should be given a reasonable construction so as to effectuate the purpose for which it was made. In cases of doubt, it is to be liberally construed in favor of the insured, so that in all proper cases he may receive the indemnity contracted for. *Young v. Travelers Ins. Co.,* 80 Me. 244; *Coad v. Travelers Ins. Co.,* 61 Neb. 563, 569. If the language of the policy were to be literally applied, in order to recover one would have to be either deprived of mentality or be physically helpless to do anything. Such was not the contemplation of the parties. In interpreting similar provisions in other policies, the courts usually take the view that total disability to pursue any occupation exists when the injured party is unable to perform the substantial duties of that occupation. Many authorities are collated in an annotation to the case of *Metropolitan Life Ins. Co. v. Blue* (222 Ala. 665) 79 A. L. R. 852, the annotation appearing at page 857 *et seq.* * * *

"The term 'total disability' is rarely, if ever, given a strictly literal meaning of absolute helplessness or entire physical disability, but rather inability to do substantially, or practically, all material acts for the transaction of insured's business in the customary and usual manner. *Provident Life & Accident Ins. Co. v. Harris,* 234 Ky. 358. Sound reason and the great weight of authority sustain this view. It is unnecessary to encumber this opinion with a citation of the many authorities holding to like effect. We are satisfied from the evidence that the finding of total disability is amply sustained. The evidence further discloses that the spastic paralysis from which plaintiff is

suffering is progressive in its nature, and will continue throughout his life."

The situation in the *Hamblin* case is analogous, as the following facts set forth in the opinion illustrate: "It appears that by occupation plaintiff was a cook, and that, while so engaged in the employ of the Union Pacific Railroad Company, he received a severe injury which did not, at the time, incapacitate him for his work, but that he continued for nearly a year thereafter, when, by reason of the injury received, the railroad company deemed it unsafe for him to continue his work, and he was discharged. * * * After his discharge by the railroad company, plaintiff attempted to pursue his occupation as a cook with other companies, but was unable to do more than a small part of his work, his wife assisting him and doing the greater part of the work. Plaintiff's disability increased to such an extent that he is totally unable to follow his occupation or perform any other substantial amount of physical labor; but he is able to use a telephone and solicit orders for the sale of merchandise, and has thereby been able to earn a trifling sum."

The evidence in relation to the ability of the appellant to earn a livelihood is quite lengthy and it would serve no useful purpose to set it out here. As has been stated, the sum total of it is that the appellant derived very little, if any, more from these business ventures than he invested therein. The rule has been repeatedly laid down by this court that "The trial court should not direct the verdict of a jury unless the evidence is so clear upon every point upon which the verdict must depend that reasonable minds could not come to any other conclusion." *Bank of Cortland v. Maxey,* 102 Neb. 20. See *Continental Lumber Co. v. Munshaw & Co.,* 77 Neb. 456; *Westover v. Lewis,* 36 Neb. 692.

We conclude, therefore, that this case should have been submitted to the jury for determination of the question as to whether or not the plaintiff was totally disabled from making a livelihood at any gainful occupation, under

the rule laid down in *Hamblin v. Equitable Life Assurance Society, supra.*

The judgment is, accordingly, reversed and the cause remanded for further proceedings.

REVERSED.