HUGH W. THOMAS, APPELLEE, V. PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

FILED JUNE 12, 1936. No. 29591.

*Montgomery, Hall & Young* and *Laurens Williams,* for appellant.

*John A. McKenzie, contra.*

Heard before GOSS, C. J., DAY and CARTER, JJ., and ELDRED and TEWELL, District Judges.

TEWELL, District Judge.

This action was brought to recover monthly payments alleged to be due under the disability provisions of a life insurance policy. The cause was tried to a jury and the trial resulted in a verdict and judgment for plaintiff. The defendant appeals.

The plaintiff by profession was a chiropractor. The alleged disability consists of an arthritis in the third, fourth and fifth cervical vertebræ, which plaintiff claims renders him unable to use his arms without severe pain and without causing him to be bedridden for a time after physical exertion in which his arms are used. Several very reputable physicians testified that X-ray plates showed no signs of arthritis in the cervical vertebræ. Dr. Schrock, one of the plaintiff's own witnesses, testified that he advocated increased motion of the arms to retain flexibility; would not say that the X-ray disclosed any arthritis, and that he thought the plaintiff "could carry on as a white collar man to a high degree of effectiveness." Since the claimed disability began, the plaintiff, through an examination, has been licensed to practice law in Nebraska, but has not engaged in such practice.

That the policy of insurance was in effect at the time of the alleged disability is conceded. Portions of the policy providing for disability benefits are as follows:

"If the insured shall furnish due proof to the company that, while this policy was in full force and effect, he (or she), at any time after payment of the first premium on the policy, while less than sixty years of age, from any cause whatsoever had become permanently disabled or physically or mentally incapacitated to such an extent that he (or she) by reason of such disability or incapacity is

rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company will waive the payment of any premium or premiums under the policy the due date of which, as specified on the first page hereof, shall occur after the receipt of proof of such disability and while such disability continues. * * *

"If such disability shall occur before the insured is sixty years of age the company will, in addition to such waiver, during such disability, pay to the insured monthly as specified on the first page hereof, the sum of $10 for each $1,000 of the face amount of insurance under the policy."

The policy also contains a provision to the effect that disability benefits and also waiver of premiums shall cease in case of recovery from the degree of disability required to give rise to them.

In his petition the plaintiff alleges that his disability began on November 5, 1932, and that he furnished due proof thereof to the defendant on December 1, 1932. The plaintiff seeks to recover benefit payments from December 1, 1932, to September 1, 1933, both inclusive. The evidence shows that no proof of disability was furnished to the defendant until January 24, 1933. By instruction No. 4 the court instructed the jury that, if they found for the plaintiff, their verdict would be "in the amount prayed for." The verdict of the jury included benefit payments from December 1, 1932, to September 1, 1933, both inclusive. The above quoted provisions of the policy plainly show that the furnishing of proof of disability was a condition precedent to liability of the defendant for disability benefits. If the provisions of a life insurance policy that provides for payment of monthly benefits in case of disability clearly state that such benefits shall only accrue after the insured shall furnish proof of disability, furnishing of such proof is a condition precedent to liability of the insurer, and the insured may not recover benefits for time preceding the date such proof is furnished. *Smith v. Missouri State Life Ins. Co.*, 134 Kan. 426, 7 Pac. (2d) 65; *Orr v. Mutual*

*Life Ins. Co.,* 64 Fed. (2d) 561; *Hayes v. Prudential Ins. Co.,* 114 W. Va. 323, 171 S. E. 824. The verdict therefore erroneously included benefit payments from December 1, 1932, to January 24, 1933, in the amount of $27 and any interest computed thereon. Furthermore, this instruction No. 4 failed to allow the jury to find that the plaintiff could recover only for a portion of the time that he alleges he was disabled, after proof of disability was furnished, if he once had the disability but during such time recovered.

The defendant also complains of instruction No. 5 given to the jury. This instruction was as follows:

"You are instructed that the supplemental agreement in the policy insuring plaintiff against physical incapacity to the extent that he is wholly and permanently unable to engage in any occupation or profession, and so forth, does not require that plaintiff must be in a state of absolute helplessness, but one is incapacitated under these provisions in an insurance policy, if you find by a preponderance of the evidence that he was unable to substantially follow any work or labor for which he was or had been qualified to pursue, in the usual and customary way."

It is impossible to determine with certainty to what time the trial court referred in this instruction in his use of the words "was unable" and "was or had been qualified to pursue." If any definite or fixed time was meant, the instruction ignores the permanent feature of the disability required for recovery by the plaintiff. Also, this instruction, very probably, misled the jury into believing that the plaintiff could recover if his disability was such as to render him unable to substantially follow the work of a chiropractor, in which he is shown to have been engaged at the time he alleges his disability arose. The policy does not provide for disability benefits if plaintiff becomes unable to perform his usual occupation, as in the case with some policies, but, instead, when and if he is *"rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value."*

Other than in instruction No. 5 above quoted, the trial

court did not define the words "wholly and permanently" as used in the above mentioned provisions for disability benefits. The policy provides for a discontinuance of disability benefits and waiver of premiums in case of recovery from disability. The words "wholly and permanently unable," when construed in connection with the provisions for discontinuance of disability benefits and waiver of premiums in case of recovery, in the policy before us, contemplate a disability that is sufficient honestly and reasonably to prevent the insured from performing the substantial and material acts necessary to the prosecution of any work, whether his usual occupation or otherwise, for compensation of financial value, and also a disability that is of such a nature that the insured may at the time under consideration with reasonable certainty be then expected to continue to have such disability indefinitely. *Maze v. Equitable Life Ins. Co.,* 188 Minn. 139, 246 N. W. 737; *Foglesong v. Modern Brotherhood of America,* 121 Mo. App. 548, 97 S. W. 240; *Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841, 248 N. W. 397; *Eastep v. Northwestern Nat. Life Ins. Co.,* 114 Neb. 505, 208 N. W. 632. We regard this instruction as prejudicial to the defendant. The provisions of the policy above mentioned and the circumstances shown in the evidence are of such a nature that the instructions to the jury should have clearly defined the extent of disability and also the degree of permanency of disability that must be shown to have existed before the plaintiff could recover, and should also have clearly stated that the plaintiff could not recover unless the required extent of disability and degree of permanency of disability were shown by the required degree of proof. The above mentioned provisions of the policy do not appear in the instructions, and the instructions, worded as they were, were such as to lead the jury to fail to give due consideration to these provisions of the policy.

For reasons above stated, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.