FOREST D. BENNETT, APPELLEE, V. METROPOLITAN LIFE
INSURANCE COMPANY, APPELLANT.

287 N. W. 609

FILED SEPTEMBER 22, 1939. No. 30591.

*Beghtol, Foe & Rankin* and *Walter E. Nolte,* for appellant.

*Arnold J. Van Borkum* and *Vasey & Matoon, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and KROGER, District Judge.

SIMMONS, C. J.

This is an action to recover total permanent disability benefits alleged to have accrued under a policy of insurance issued to the plaintiff by the defendant. Trial was had to the court, a jury being waived. Judgment was for the plaintiff, and defendant appeals.

The decision depends upon the construction of a provision in the policy wherein the defendant contracted to make certain monthly payments to the plaintiff in the event he became "totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

The plaintiff is thirty-three years of age. For sixteen years prior to his disability, his sole occupation, trade, and business was that of a barber. He neither had nor contemplated any other trade, occupation, or business. In October, 1936, he was stricken with infantile paralysis. The disease caused an atrophy of his entire left leg, including the hip girdle, and a loss of function of that leg which makes it impossible for him to continue at his former trade as a barber. The disease has left that permanent disability. He stands and walks with difficulty, suffers pain if he remains in a sitting position for any length of time, and requires relaxation and massage of the afflicted parts of his body at frequent intervals.

He has secured employment at which he earns approximately one-half of his former wages. This employment came to him as the result of friendship with an employer in his home community and of his necessity to earn to care for himself and family. His employment is that of unskilled labor at minor jobs about a factory office. He requires an air cushion when sitting. He is permitted to leave his work for relaxation, at his own option. The nature of the work

which he is doing is not permanent, and the tenure of his employment depends upon the indulgence of a friendly employer. There is no assurance of his ability to continue employment in that or any other line of activity. He did not secure and does not hold his present job as the result of open competitive employment.

This situation calls for a reasonable construction of the insurance policy favorable to the insured and for a common sense application of the liberal rule of construction adopted by this court in *Woods v. Central States Life Ins. Co.*, 132 Neb. 261, 271 N. W. 850, which is:

"A policy of insurance providing for the payment of benefits when the insured has become wholly and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit or from following any gainful occupation, does not mean, as its literal construction would require, a state of complete helplessness; but the total disability contemplated means inability to do all the substantial and material acts necessary to the prosecution of the insured's business or occupation in his customary and usual manner."

It is recognized that a less liberal rule is stated in *Thomas v. Prudential Ins. Co.*, 131 Neb. 274, 267 N. W. 446. However, the question was squarely presented to this court in the later case of *Woods v. Central States Life Ins. Co., supra,* and we adhere to the more liberal rule there announced.

Applying that rule to the facts of this case, plaintiff is totally and permanently disabled and entitled to recover the benefits which the defendant contracted to pay.

Defendant further questions the sufficiency of the proof of disability which was furnished by the plaintiff on forms provided by the defendant. The situation here does not call for a discussion of the answers given by the plaintiff on those forms. The trial court found that the plaintiff had furnished the defendant sufficient proof of such total and permanent disability. We find no reason for disturbing that finding. It is clear from the record that the defend-

ant had notice of plaintiff's illness and resulting disability, and that the defendant refused to meet the obligations of its contract, not because of any defect in the notice, but because of a denial of liability. The defendant did not raise the question of the sufficiency of the proof of loss until its answer was filed herein; it does not now offer to pay any of the instalments due the plaintiff under the contract. Having denied liability under the contract, defendant cannot now interpose this procedural defense. *Hamblin v. Equitable Life Assurance Society*, 124 Neb. 841, 248 N. W. 397.

The plaintiff is allowed the sum of $100 as an attorney's fee for services in this court to be taxed as part of the costs.

The judgment of the trial court is

AFFIRMED.