The **CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,** a Corporation, Plaintiff,

v.

**ROYAL INDEMNITY COMPANY,** a Corporation, Defendant.

Civ. No. 71-0-344.

United States District Court, D. Nebraska.

Jan. 18, 1972.

**320**

Martin A. Cannon, of Matthews, Kelley, Cannon & Carpenter, Omaha, Neb., for plaintiff.

Joseph R. Moore, of Gaines, Spittler, Neely, Otis & Moore, Omaha, Neb., for defendant.

## MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

■ This matter comes before the Court upon what defendant entitles a motion to dismiss. [Filing #3]. However, matters outside the pleading were presented to and not excluded by the Court and the motion is treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Oral arguments were heard and a copy of an insurance policy issued by the defendant to the plaintiff was received as an exhibit.

There is no dispute as to whether the exhibit represents an accurate copy of the policy in question. The plaintiff in his brief agreed that the matter could be considered as if the complete copy of the policy was attached to the complaint.

Both parties have greatly assisted with briefs. The Court found the plaintiff's brief well written and creative but, for the following reasons, concludes that this is a proper case in which to grant the defendant's motion for summary judgment.

■ The Court recognizes that on a defendant's motion for summary judgment the Court must construe all matters referred to outside the pleadings in a light most favorable to the plaintiff. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 [6th Cir. 1962].

■ All reasonable doubts as to whether there is any evidence of a genuine issue as to a material fact should be resolved against the movant. Elbow Lake Co-op Grain Co. v. Commodity Credit Corp., 251 F.2d 633 [8th Cir. 1958]; Booth v. Barber Transp. Co., 256 F.2d 927 [8th Cir. 1958].

■ The controversy in this action is whether the policy of defendant insurer, Royal Indemnity Company, issued to the plaintiff insured, The Central National Insurance Company of Omaha, provided insurance coverage for the plaintiff's own conduct of insurance business.

There is no controversy as to the facts leading to this action. A Central National insured was involved in an automobile accident. In resulting litigation an agent for Central National settled the case apparently improperly or without authority from the insured who later brought suit against Central National for alleged damages caused by the wrongful settlement. Central National requested that defendant, Royal Indemnity, defend the action pursuant to the insurance policy now the subject of this action. The defendant did not defend the action for the plaintiff who settled the matter.

The plaintiff alleges that the policy issued by the plaintiff obligates the de-

fendant to bear the costs of defending the action as well as the plaintiff's contribution to the settlement.

The plaintiff now contends that the motion for summary judgment should not be granted because it is not beyond dispute that the policy in question afforded coverage.

The defendant argues that the policy covers only damages arising as the result of personal injury or property damage accidents and that the policy does not have a clause which provides coverage for the errors and omissions of the insured, and that it is easily seen that this type of coverage is not included in the contract of insurance between the parties.

The plaintiff's basic argument stresses that the scope of the policy is broad, that the plaintiff is entitled to any doubts of construction, and that nothing in the policy excludes this type of coverage.

The Court observes that there are two provisions which define the liability of the defendant.

The first provision is found in Section II, form MLB–200 and provides:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements."

The second provision is also found in Section II, but in form MLB–202 and provides:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements."

The plaintiff contends that the act of its agent was an "occurrence" within the meaning of the policy, that the insurance contract was an incident of the plaintiff's business, and that property was damaged. Thus, according to the plaintiff there is at least an issue as to whether coverage existed.

The flaw in the plaintiff's logic lies in the fact that there are several provisions which clearly show that the event in question was not included in the insurance coverage.

The plaintiff recognizes that the injury was to a tort claim and that this must be considered "property" if plaintiff is to prevail. At page 13 of the plaintiff's brief it is said:

"If damage to a tort claim is not property damage, it must be that an intangible is not property. But no authority exists for such a proposition."

The Court agrees that in the abstract sense a tort claim is "property", but the

concern here is whether such is "property" within the meaning of the policy.

The definitions of Section II provide that:

"'property damage' means injury to or destruction of tangible property."

Thus it is clear beyond doubt that damage to *intangible* property is not covered because the provision expressly limits coverage to damage to *tangible* property. This provision by itself defeats the plaintiff's claim.

Moreover, both coverage provisions quoted previously are followed by a number of exclusions the first of which provides:

"This insurance does not apply:

"[a] to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;"

The definitions to section II provide:

"'Incidental Contract' means any written [1] lease of premises, [2] easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, [3] undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, [4] sidetrack agreement, or [5] elevator maintenance agreement;"

Thus it is clear that no coverage was to extend to the plaintiff's own liability incurred as a result of the insurance policies the plaintiff issued because such coverage is expressly excluded by the several provisions of the policy.

It is of course a correct statement of the law that:

"[I]t is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured. . . .

If uncertain or ambiguous, it was the fault of the defendant and not the plaintiff."

Northwestern Mutual Life Insurance Company v. U. S. Nat. Bank of Omaha, 267 F.2d 565, 568 [8th Cir. 1959].

But the above general rule should be qualified by the following:

"There is, however, a difference between a favorable construction and a favorable finding for the insured. The former does not mean imposing upon the insurer a gratuitous obligation not justified by the usual meaning of the words employed. In giving effect to this principle of law, it is imperative that the contract made by the parties shall be respected and that a new contract is not interpolated by construction. Construction ought not to be employed to make a plain agreement ambiguous for the purpose of interpreting it in favor of the insured. The policy should be given meaning and effect according to the sense of the terms which the parties have used, and if they are clear they should be taken in their plain and ordinary sense."

Koehn v. Union Fire Ins. Co., 152 Neb. 254, 260–261, 40 N.W.2d 874, 878 [1950].

The Court concludes that this is a proper case to be decided upon a motion for summary judgment. The Court can perceive no genuine issue as to any material fact and on the facts as presented the defendant is entitled to a judgment as a matter of law.

The plaintiff's arguments call for more than a favorable construction and resolution of reasonable doubts in its favor; the Court would have to in effect write a new contract for the parties in order to find for the plaintiff.

A separate order sustaining the defendant's motion for summary judgment will be entered.