24408.   TRAVELERS INSURANCE COMPANY *v.* PITTMAN.

SUTTON, J.   This was an action on a certificate of group life-insurance, containing a total-disability clause. The sole question for decision is, was the action premature? The insured filed proof of permanent total disability on March 14, 1934; and the present suit was filed on May 14, 1934. The policy of insurance provides that upon permanent total disability of the insured, in accordance with the terms and conditions of the policy, the company will pay to the certificate holder the principal amount in monthly installments for the period and in the sums set up in the "schedule of installment payments, the first installment to be payable three months after receipt of due proof of such permanent total disability," etc. The insured contends that the company waived its right to insist upon the three-months period in which to pay after proof of disability by denying liability and refusing to pay the loss. The trial judge found in favor of the insured by overruling the defendant's general demurrer to the petition, based upon the ground that the suit was prematurely instituted.   *Held:*

1. Where an insurance policy provides that in the event of. permanent total disability of the insured, the principal amount shall be payable in installments, the first to be paid three months after receipt of proof of permanent total disability, a suit by the insured against the insurer for a breach of the policy, brought before the expiration of the time stipulated therein, is prematurely instituted. See *Carolina Life Ins. Co.* v. *Murphy,* 47 *Ga. App.* 425 (170 S. E. 817). However, it appears from the allegations of the petition that the defendant had denied liability and unconditionally refused to pay the loss claimed. "Where the insurer denies liability under the policy and refuses to pay the loss sustained, it thereby waives its right to rely upon the ·provision in the policy that suit thereon shall not be instituted prior to the expiration of sixty days after the proof of loss has been made as required by the terms of the policy." *Continental Life Ins. Co.* v. *Wilson,* 36 *Ga. App.* 540 (6) (137 S. E. 403), and cit.

2. The decision in *Burton* v. *Methopolitan Life Ins. Co.,* 48 *Ga. App.* 828 (173 S. E. 922), contains nothing to the contrary to what is ruled in the present case. There was no attempt by the insured in that case to insist upon the waiver by the insurance company. Where there is a contractual stipulation imposed by one party to a contract, and that party does something which would amount to a waiver thereof, it is optional with the other contracting party whether he shall treat the contractual provision as waived, or hold the other to his contract in that respect. The insurance company could not take advantage.of .its conduct amounting to a waiver of a provision in the contract of insurance, so as to defeat the rights that accrued to the insured by reason of such

contractual provision. Any other rule would be harsh and grossly unfair to a policy-holder. In the *Burton* case, the insured was not bound to bring her suit before the expiration of the contractual period. The conduct of the insurance company amounted to a waiver for her benefit, and she could take advantage thereof or not as she pleased.

3. The trial judge did not err in overruling the demurrer of the defendant insurance company upon the ground that the action upon the policy of insurance in this case was prematurely instituted, it appearing from the allegations of the petition that the insurer had refused to pay and denied liability under the contract of insurance.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided June 15, 1935.

*Lovejoy & Mayer,* for plaintiff in error. *L. M. Wyatt,* contra.