SANDERS v. PRUDENTIAL INSURANCE CO. OF AMERICA.

INSURANCE — INDUSTRIAL GROUP POLICY — TOTAL AND PERMANENT DISABILITY BENEFITS.

Wife of employee *held,* as a matter of law, not entitled to benefits for total and permanent disability for remainder of employee's life under certificate of insurance issued in connection with industrial group insurance policy where employee did his full work for employer up to and including last day on which there was work for him to do, which was the last day certificate was in force, there is no evidence that for some time thereafter he was not as able to work as before, and death from a progressive heart affection occurred over eight months after last day of work.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 9, 1937. (Docket No. 44, Calendar No. 39,397.) Decided May 21, 1937. Rehearing denied June 29, 1937.

Assumpsit by Mary E. Sanders against the Prudential Insurance Company of America, a corporation, for money due under an industrial group policy insuring the life of William Sanders. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Sol Blumrosen* and *Chester Schwartz,* for plaintiff.

*Paul Oren* (*Donald McGaffey,* of counsel), for defendant.

FEAD, C. J. The action is on a certificate issued to William Sanders in connection with an industrial

group insurance policy covering the employees of Wilson Foundry & Machine Company.

Sanders' last day of work was February 9, 1933. He returned to the plant on the 13th, but there was no work for him as the company was about to discontinue operations. Later he applied for work elsewhere, but did not obtain employment. He first consulted a doctor on September 15th and was found to have an advanced condition of a progressive heart affection. He died of the disease October 15, 1933.

Plaintiff had verdict of a jury but the court entered judgment for defendant *non obstante veredicto*. The issue is whether on February 9th Sanders' condition was within the terms of the policy which provided benefits if he should "become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime."

Testimony was given by his wife and fellow workmen that for some time before February 9th, Sanders had most of the symptoms which the doctor on the examination of September 15th declared would incapacitate him for anything except very light work. The wife also testified that later in the summer, although he attempted to obtain a job, he was unable to work. It is claimed the testimony of this nature was sufficient to permit the jury to draw an inference that Sanders was permanently and totally disabled on February 9th.

The difficulty with the position is that such inferences cannot prevail against the undisputed physical

fact that he actually worked for the employer up to and including February 9th without any claim or appearance of disability, he did his full work to that time, and there was no evidence that for some time thereafter he was not as able to work as before. As February 9th was the last day on which his certificate was in force and the facts fail to show the necessary disability at that time, the court was not in error in entering judgment for defendant.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.