193 So. 478

PATTERSON v. METROPOLITAN LIFE INS. CO.

No. 35497.

Nov. 27, 1939.

Rehearing Denied Jan. 9, 1940.

.Harry V. Booth and L. L. Lockard, both of Shreveport, for plaintiff-appellee.

Jackson & Mayer, of Shreveport, for defendant and appellant.

ROGERS, Justice.

Ernest D. Patterson brought this suit against the Metropolitan Life Insurance Company on a certificate of insurance issued to him by defendant under a group policy written on all employees of the Union Producing Company, by which company plaintiff was employed.

The insurance contract contains the usual permanent and total disability provision. Plaintiff claims the benefit of this provision because of his loss of all serviceable hearing, which he alleges occurred while he was employed by the Union Producing Company and while the insurance contract was in effect. The amount of the coverage set forth in the insurance contract is the sum of $2,000.

The court below rendered judgment in plaintiff's favor, ordering defendant to pay plaintiff $36 a month, beginning December 12, 1938, during the term of plaintiff's total and permanent disability, not to exceed sixty months. The defendant is appealing from the judgment.

There is little or no dispute about the material facts. Plaintiff began working in oil fields when he was thirteen years of age. He entered the employ of the Union Producing Company in 1927, as an operator of a compressor station. He continued in this work until the year 1933 or 1934 when he was transferred to and employed at a measuring station. In 1936 or 1937, plaintiff was installed as an operator of a boiler station, where he continued to work until he was discharged on August 30, 1938.

Plaintiff claims that his hearing began to fail about the year 1933 or 1934 and became rapidly worse so that at the time he was discharged he had lost 80% of his hearing in one ear and 70% of his hearing in the other ear, which amounted to prac-

tical deafness, since all serviceable hearing was gone. Plaintiff contends that because of the loss of his hearing, which occurred during and as the result of his employment by the Union Producing Company, he is disqualified as an oil field worker and for any other manual labor, and that his limited education and experience operate as a bar to his obtaining work in any clerical capacity.

The clause in the insurance contract, upon which this suit is based, reads in part as follows: "Total and Permanent Disability Benefits. Upon Receipt by the company of due proof that an employee, while insured hereunder and prior to his sixtieth birthday, has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and from performing any work for compensation or profit * * * will commence to pay in lieu of the insurance at his death monthly installments as defined below to the said employee * * *."

The evidence satisfies us that plaintiff is suffering from loss of hearing and that the loss occurred while he was employed by the Union Producing Company and while the policy issued by the defendant was in force. When plaintiff entered the employ of the Union Producing Company in 1927, his hearing was normal, and it was not until 1933 or 1934, after he had been working for the company for six or seven years, that his hearing began to fail. At that time he was examined by a physician and a 10% impairment of his hearing was disclosed. On September 6, 1938, which was seven days after he was discharged by the Union Producing Company, plaintiff was examined by Dr. Ralph H. Riggs, a specialist in diseases of the ear, practicing in Shreveport. Dr. Riggs testified that plaintiff's hearing is bad; that plaintiff has lost all his serviceable hearing, and that the loss is permanent. Dr. Riggs also testified that the type of impairment of hearing with which plaintiff was afflicted could not have developed within a week. This testimony was not contradicted by defendant.

The evidence also satisfies us that because of his impairment of hearing plaintiff is not able to secure employment in or to follow his usual occupation of oil field worker.

As shown by the record, plaintiff has never received any particular training or education and he has never been qualified to do any but manual labor. Defendant argues, however, that the impairment of plaintiff's hearing is not such as to prevent him from engaging in manual labor, many forms of which defendant insists are still open to plaintiff.

As has often been declared by this Court, the words "total disability" within the meaning of a policy similar to the one involved in this case do not mean absolute helplessness, but rather the inability to do substantially or practically all the material acts in the transaction of the insured's regular occupation or business in the usual and customary manner. Boughton v. Mutual Life Insurance Company, 183 La. 908, 165 So. 140, and authorities therein cited.

This is not the case of a malingerer. Plaintiff was a faithful employee of the Union Producing Company for many years. In spite of his gradual loss of hearing, he continued to work, doing his best for his employer. We think, notwithstanding defendant's contention to the contrary, that plaintiff was discharged by the Union Producing Company because his condition was such as to make his continued employment not only dangerous to himself, but also to his fellow-employees.

■ Defendant insists that plaintiff "is an able-bodied, healthy individual, of some 33 years of age," and therefore, is able to engage in some kind of work for compensation or profit, that is to say, in some one of the many forms of manual labor. But the record does not show what, if any, kind of manual labor plaintiff is able to do. The weight of the evidence is that plaintiff is unable to perform the duties of an oil field worker, the only character of work he has ever done since he was thirteen years of age. The most that can be said in favor of defendant's contention is that plaintiff might obtain odd jobs as a laborer around industrial centers, but plaintiff is just as much unfitted for the work required of laborers in industry as he is for the semi-skilled work in which he was formerly engaged. It can hardly be said that a deaf oil field worker, who might, or might not, obtain laboring work wholly foreign to his usual occupation, is not disabled within the meaning of the insurance contract.

This appears to be the first case in our jurisprudence involving a claim for disability benefits because of the loss of hearing suffered by the beneficiary named in the policy. A few cases have arisen in other jurisdictions. Plaintiff cites three of the cases, viz., Aetna Life Insurance Co. of Hartford, Conn. v. Castle, 252 Ky. 228, 67 S.W.2d 17; Kane v. Metropolitan Life Insurance Co., 228 Mo.App. 649, 73 S.W.2d 826; and Oswald v. Equitable Life Assurance Society, 128 Neb. 173, 258 N.W. 41. Defendant cites two of such cases, viz., Fuchs v. Metropolitan Life Insurance Co., 253 App.Div. 665, 3 N.Y.S.2d 707; and Equitable Life Assurance Society v. Powers, 254 Ky. 770, 72 S.W.2d 469.

In Aetna Life Insurance Company v. Castle, supra, the plaintiff was a miner. His hearing in one ear was impaired about 75% and his eyesight was impaired about 50% in one eye. Plaintiff was allowed recovery on a policy containing a provision similar to the one relied on by plaintiff in this case. In Kane v. Metropolitan Life Insurance Company, supra, the plaintiff was a train dispatcher and because of his deafness, he was discharged by the railroad company. Plaintiff, as being totally and permanently disabled, was allowed recovery on a disability policy, notwithstanding that the profits from his investments in a pool-hall were sufficient for his support. In Oswald v. Equitable Life Assurance Company, supra, plaintiff was 43 years of age and had been employed as a switchman for a number of years. Plaintiff had suffered a total loss of hearing in the right ear and 50% loss of hearing in the left ear, and also had suffered from chronic ulcers of the stomach. After his dismissal by the railroad company for his disability, plaintiff

attempted to gain a livelihood by engaging in business, but his business ventures were unsuccessful. The court, in reversing a judgment dismissing plaintiff's suit against the insurance company, upheld the legal principle that total disability preventing an insured fom pursuing a gainful occupation exists when the insured is unable to perform substantial duties of a given occupation.

In Fuchs v. Metropolitan Life Insurance Company, supra, the Supreme Court, Appellate Division, First Department, of New York, refused to hold as a matter of law that total deafness is such a disability as to entitle the insured to disability benefits. The court held that "total disability" is a relative matter, and that each case must stand upon its own particular facts. There the court dismissed the complaint, holding that plaintiff had failed to establish that his deafness prevented him from performing any work for compensation or profit. In Equitable Life Assurance Society v. Powers, supra, the plaintiff, Powers, was disabled in only one ear, the extent of which was not apparent, but it was less than total. He had been employed by the company only four years and prior thereto had been engaged in many other kinds of manual labor. Moreover, his disability, by his own admission, existed before the execution of the insurance contract. The court held that plaintiff's disability was not such as to disable him from laboring elsewhere or from doing general labor of a definite character.

The narrow rule followed in the two cases cited by defendant is not in harmony with the more liberal rule followed in the three cases cited by plaintiff and which rule prevails in this state and in the majority of the states in this country.

Defendant also cites Sanders v. Prudential Insurance Company, 279 Mich. 608, 273 N.W. 286, and Metropolitan Life Insurance Company v. Barela, Tex.Civ.App., 44 S.W.2d 494. Neither of those cases is similar to the present case. In the Sanders case, the disability from which the plaintiff suffered was a "progressive heart affection." The claimant sought to establish her case by an inference that the disability of her husband, the insured, found in September, existed in the preceding month of February. The court held that such an inference could not prevail against the undisputed physical facts. The court found that the insured had not complained to any one; had no appearance of being sick, and had not consulted a doctor until more than eight months after the last day he worked. In Metropolitan Life Insurance Company v. Barela, supra, the plaintiff suffered a serious injury to his hand resulting in a partial loss of the hand. The court, on the facts, held that the injury to plaintiff's hand was not such as to prevent him from engaging in any occupation and performing any work for compensation and profit.

For the reasons assigned, the judgment appealed from is affirmed.

LAND, J., absent.