## METROPOLITAN LIFE INS. CO. v. BROWN.

No. 29879. Sept. 16, 1941.

Rehearing Denied Feb. 10, 1942.

Application for Leave to File Second Petition for Rehearing Denied March 24, 1942.

*123 P. 2d 255.*

Carl Kruse, of Enid, for plaintiff in error.

T. J. Sargent and Irving D. Ross, both of Newkirk, and W. L. Cunningham, D. Arthur Walker, and Wm. E. Cunningham, all of Arkansas City, Kan., for defendant in error.

ARNOLD, J. This is an appeal from the district court of Noble county. The parties will be referred to herein as they appeared in the lower court.

The plaintiff was an employee of the Shell Petroleum Corporation. The defendant issued a group life insurance policy to said company covering all of the employees eligible under the terms thereof. A certificate of insurance was issued to the plaintiff. For the purposes of this appeal the material part of said group policy is as follows:

"Total and Permanent Disability Benefits. Upon receipt, at its Home Office in the City of New York, of due proof that any Employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the company will waive the payment of further premiums as to such Employee and three months after receipt of such proof, will commence to pay, in lieu of the payment of insurance at his death, monthly installments as defined below to the said Employee or to a person designated by him for the purpose; or, if such disability is due to, or is accompanied by mental incapacity, to the beneficiary of record of the said Employee, and will continue such payments for the period provided below, should

the insured continue totally and permanently disabled."

The plaintiff was employed as a common laborer. The physical examinations required by the company, the last one being in August, 1937, disclosed that plaintiff was in good condition in all respects.

It is admitted that after spending two days, January 13 and 14, 1938, working in a coke still using compressed air hammers, the plaintiff's hearing was seriously impaired; that he had a 40 per cent loss of hearing in his left ear and a 20 per cent loss in his right ear; that a person with a 40 per cent loss of hearing is for all practical purposes deaf and needs a hearing aid device; that this condition existed at the time he was laid off on February 14, 1938, and that it is permanent. It is further admitted that such policy was in effect to and including February 28, 1938.

The plaintiff made proof of loss under the disability benefits feature of the policy as required therein in June, 1938. In the latter part of August, 1938, the defendant denied liability thereunder. On September 1, 1938, this action was filed. The trial resulted in a verdict for the plaintiff, from which judgment defendant appeals.

It is contended by the defendant that such action was prematurely brought. This contention is predicated upon the theory that under the above-quoted provision of said policy the defendant was not liable for the making of payments until the expiration of a period of three months after the making of due proof of disability; that since due proof was made on June 28, 1938, no liability attached until September 28, 1938, and, therefore, this action having been filed on September 1, 1938, it was prematurely instituted. With this contention we cannot agree. A denial of all liability under the policy waives the company's right to invoke the defense of the three months' waiting period, and has the effect of making the company's liability under the policy date from the time of its denial of liability. The defendant denied all liability thereunder on August 22, 1938, and its liability, if any, for the commencement of payments attached upon such denial. Therefore, the action was not prematurely brought when it was instituted on September 1, 1938. White v. Metropolitan Life Ins. Co. (Mo. App.) 107 S.W. 2d 957, 961; State v. Allen, 339 Mo. 1156, 100 S.W. 2d 487; Travelers Ins. Co. v. Pittman, 51 Ga. App. 401, 180 S.E. 650.

The record discloses that the plaintiff's deafness is permanent, and that by reason thereof he is unable to pass physical examinations required by oil companies, road contractors, and the other employers for the type of work for which plaintiff is fitted. Also, that by reason of the injury to the internal ear he has lost his sense of balance and suffers dizzy spells. In other respects he is an able-bodied man of approximately 34 years of age. He can do a fair day's work. He can and does do the chores around the house, works in the garden, chops wood and plays baseball. One does not have to be absolutely helpless to be "totally disabled" within the meaning of the policy. Where a common laborer, who was qualified to perform only manual labor, was no longer able to perform duties of employment because of the loss of hearing which occurred while in the employment of the employer covered by a group policy giving benefits to the employees in case of total and permanent disability, laborer was "totally disabled" within the meaning of the policy, although he was an able-bodied, healthy individual of 34 years of age and did obtain some employment on a government relief project which required no physical examination. Patterson v. Metropolitan Life Ins. Co., 194 La. 106, 193 So. 478.

The evidence discloses that the plaintiff is an untrained man and the only work he has ever done is common labor in the oil fields, oil refineries, and construction road work, with the exception that he had some training as a singer, which he could not continue by reason of his deafness.

There can be no general rule governing the question of whether one is totally and permanently disabled from engaging in any occupation and performing any work for compensation or profit. It must depend upon the capabilities of the insured. It is, therefore, a question for the jury to determine, taking into consideration the training, experience, education, and physical condition of the insured. Kane v. Metropolitan Life Ins. Co., 228 Mo. App. 649, 73 S.W. 2d 826; Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W. 2d 470, 115 A.L.R. 1301; Oswald v. Equitable Life Assur. Soc. of the United States, 128 Neb. 173, 258 N.W. 41; Prudential Ins. Co. v. South, 179 Ga. 653, 177 S.E. 499, 98 A.L.R. 781.

The plaintiff could not obtain work on the CCC government project for Indians because of his inability to pass the physical examination. He did obtain work on a government relief project for crippled Indians doing road work, which required no physical examination. On this project he was limited to 15 to 20 days of work per month and there was no assurance that he would get in the maximum number of days. His earnings were small, the maximum he received in any one month being approximately $50, and from June 1, 1938, to January 1, 1939, his total earnings were $32.40. This work was on a relief project and in no wise permanent. Work on such a temporary government relief project is not an occupation within the contemplation of the policy. One's physical ability to perform such work for compensation or profit will not defeat his right to the total and permanent disability benefits provided by the policy under the facts in this case. Metropolitan Life Ins. Co. v. Tessier (Tex. Civ. App.) 70 S.W. 2d 209; Equitable Life Assur. Soc. of the United States v. Watts, 230 Ala. 297, 160 So. 713; Rogers v. Metropolitan Life Ins. Co. (Mo. App.) 122 S.W. 2d 5.

The judgment of the lower court is, therefore, affirmed.

CORN, V. C. J., and OSBORN, HURST, and DAVISON, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., dissent. RILEY, J. absent.