O’NIELL, Chief Justice.
 

 This is a suit for disability payments and for a return of premiums paid under a policy of life and disability insurance. The company pleaded in defense of the suit that the plaintiff wasc, not wholly disabled, and was not presumably permanently or continuously prevented from engaging in any occupation whatsoever for remuneration or profit. The company pleaded also in its answer to the suit that it did not receive “due proof” of any such disability before the suit was filed. The face amount of the policy is $2,000; hence the claim is for $200 per year during the continuance of the alleged disability, and up to the time of filing the suit, besides a refund of the premiums paid subsequent to the alleged giving of notice of disability. The plaintiff claimed also the penalty of double liability and attorneys’ fees, under the provisions of Act No. 310 of 1910. The court gave judgment for the plaintiff for $200 a year commencing on December 5, 1936, which was 30 days after the alleged giving of notice of disability, and continuing to the date of the filing of the suit. The court also gave judgment for the return of the premiums that were paid subsequent to December 6, 1936, which was the end of the policy year, and the court reserved to the plaintiff the right to sue for disability payments accruing subsequent to the filing of the suit. The court rejected the demand for double liability and for the attorney’s fee. Both -the plaintiff and the defendant have appealed.
 

 The relevant conditions in the policy, under the heading Disability Benefits, are as follows:
 

 “If * * * the Company receives due proof that the Insured * * * has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the Company shall waive payment of each premium as it thereafter becomes due during the Insured’s said disability. * * *
 

 “In addition to waiving payment of premiums as aforesaid * ' * * the Company, one year after said proof of such disability, shall pay to the Insured one-tenth of the face amount of the Policy and a like amount in each insurance year thereafter during the continuance of such disability prior to the maturity of the Policy. * * * ”
 

 The plaintiff suffered a heart attack on July 4, 1936, resulting from what the doctors called coronary occlusion. The ailment, as we understand, consists of an obstruction of one of the arteries extending from the heart muscles, and the result is to overburden the other arteries. The trial judge found that the occlusion affected one of the smaller arteries only and was not as
 
 *207
 
 serious as the plaintiff thought it was. Immediately after suffering the heart attack, on July 4, 1936, the plaintiff went under the care of his physician, who continued to serve as the attending physician and to treat the plaintiff as such for four or five months. During a considerable portion of that time the plaintiff was confined to his bed. He was a world-war veteran, and therefore had the benefit of the United States Veterans’ Facility Hospital in Alexandria, and was examined there in December, 1936, in May 1937 and in June 1941. He carried war-risk insurance and was .adjudged by the Veterans’ Insurance Claims Counsel to be permanently and totally disabled, with reference to the veteran’s compensation law.
 

 At the time of the heart attack, and for a year or more before that time, the plaintiff was engaged in the business of dealing in oil and gas leases. His work required considerable activity, traveling about in an automobile, calling upon landowners and leaseholders, examining titles and making abstracts of title, and buying and disposing of oil and gas leases and royalties. The plaintiff remained unemployed, under the instructions of his physician, from July 4, 1936, until some time in 1940, less than a year before this suit was filed. During that period of less than a year he was employed by a friend to do part-time bookkeeping at $15 per month. The suit was filed on February 28, 1941.
 

 The trial judge declared in his reasons for judgment that but for the liberal construction which this court has placed upon such policies of insurance he would find that the plaintiff was not wholly disabled or permanently prevented from engaging in any occupation for remuneration or profit. The judge cited and followed the rulings in Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52; Boughton v. Mutual Life Insurance Company, 183 La. 908, 165 So. 140; and Madison v. Prudential Insurance Company of America, 190 La. 103, 181 So. 871; in all of which cases the court adopted the rule stated in 14 R.C.L., sec. 491, p. 1316, thus: “that the ‘total disability’ contemplated by the agreement is inability to do substantially all of the material acts necessary to the prosecution of the insured’s business or occupation in substantially his customary and usual manner.”
 

 It is argued that the doctrine of the decisions cited is contrary to the terms of the policy, defining total and permanent disability; but the doctrine has been adhered to so consistently that we are constrained to continue to follow it. Accordingly, so far as the judgment appealed from finds the defendant wholly disabled and presumably permanently and continuously prevented from engaging in any occupation for remuneration or profit, the judgment is sustained by the jurisprudence of this court and must be affirmed.
 

 The defendant’s plea that the plaintiff failed to give the defendant due notice of his disability, as required by the policy contract, and by Act No. 310 of 1910, as a condition precedent to his suing for the disability payments, might be well founded if it had been presented in limine and urged as a plea of prematurity instead of
 
 *209
 
 being set
 
 up
 
 as a defense in the answer to the suit. The plea is based upon the fact that in the proof of disability, furnished by the plaintiff to the defendant on November 5, 1936, on the form furnished by the insurer, the report of the attending physician was that the insured would not be disabled for life but probably would be disabled for a period of 6 to 8 months; which was merely an expression of the attending physician’s opinion that the insured would not be permanently or continuously prevented from pursuing any gainful occupation. In the printed form furnished by the insurance company, and entitled “Attending Physician’s Report of Claim for Disability Benefits”, the 9th question propounded to the physician was this: “Give your opinion as to whether or not the insured will be permanently, continuously and wholly prevented for life from pursuing any and all gainful occupations, by reason of this disability.” And the attending physician answered thus: “Will not be disabled for life but probably for a period of 6 to 8 months.”
 

 The policy contract did not require the insured to furnish absolute proof that his disability would permanently and continuously prevent him from engaging in any gainful occupation. It would be impossible, of course, in most instances, and particularly in the case of an ailment such as the plaintiff has, for the insured to prove that he will never regain his ability to engage in any occupation whatsoever for remuneration or profit. Therefore, while the contract required him to furnish proof of his being actually wholly disabled, it did not require him to furnish positive proof that he would be permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, but required merely that he should show that he would be, presumably, permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit.
 

 The insurance company, however, in response to the notice given by the insured on November 5, 1936, wrote a letter to the insured on November 20, 1936, advising him that the company had completed its investigation with respect to his claim for disability benefits, and that from the evidence submitted and from the information obtained by the company it did not appear that the insured was totally and presumably permanently disabled, within the meaning of the provision in the policy. The company therefore declared in its letter that it rejected the demand of the insured on the ground that as a fact it did not appear that he would be permanently, continuously and wholly prevented from pursuing some gainful occupation. The company did not reject the demand of the insured on the ground that the proof of disability which he had furnished was insufficient in regard to the accompanying report of the attending physician. Subsequent to the letter written by the company to the insured on November 20, 1936, rejecting his claim, he furnished further proof of the permanency of his disability but did not furnish any additional report of an attending physician. On the trial of the case he proved to the satisfaction of the court that his disability
 
 *211
 
 was presumably permanent, and that that condition had prevailed since July 4, 1936, the date on which he suffered the heart attack. According to the terms of the policy, disability payments should have commenced one year after proof was given of the disability; but, according to Act No. 310 of 1910, the payments must commence 30 days after the giving of notice of disability; and counsel for the insurance company concede that the judge was right in maintaining that the statute should control the policy contract in fixing the time for the beginning of the disability payments.
 

 The judge was right also in rejecting the plaintiff’s demand for the penalty of double liability and attorney’s fee, under Act No. 310 of 1910. The statute forbids insurance companies to defer payments longer than 30 days from written notice and proof to the company, by the attending physician, in the form required by the terms of the policy, informing the company of such illness or accident as entitles the insured to payment under the terms of the policy; and, in the event of a violation of that requirement, the statute imposes a penalty of double the amount due under the policy, with an attorney’s fee to be determined by the judge, unless the deferring of payment is founded upon just and reasonable grounds, such as to put a reasonable and prudent business man on his guard. The statement in the “Attending Physician’s Report”, in the proof of disability furnished by the insured to the insurer on November 5, 1936, that the insured would not be disabled for life but would probably be disabled for a period of 6 to 8 months, was of itself a just and reasonable ground for the company to defer payment. Besides, the reluctance with which the trial judge concluded, according to his reasons for judgment, that the plaintiff was wholly disabled and was thereby presumably permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, was a just and reasonable ground for the defendant to continue defending the suit to final judgment.
 

 In the brief of the insurance company our attention is directed to the fact that there is against the policy a loan of $644, bearing interest at
 
 6%
 
 per annum from January 6, 1942. Our attention is directed also to the stipulation in the policy that whenever the total amount of the installments of $200 per annum, together with the amount of any remaining indebtedness, shall equal the face amount of the policy, plus any paid-up dividend additions, unpaid dividends and dividends left to accumulate to the credit of the po.licy, then the company’s obligation under the policy shall be fully satisfied and discharged. There was no necessity for putting any such limitation in the judgment rendered in this case, because the judgment does not condemn the defendant to make any payment beyond the year in which the suit was filed, but merely reserves the right of the plaintiff to bring proceedings for any subsequent liability.
 

 The judgment is affirmed. The costs of appeal are to be borne equally by the plaintiff and defendant; all other costs are to be borne by the defendant.
 

 ODOM, J., absent.