175 So.2d 431 (1965)
Charles Vester DENNIS, Plaintiff-Appellant,
v.
BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, Defendant-Appellant.
No. 10362.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1965.
Rehearing Denied May 21, 1965.
Writ Refused June 28, 1965.
*432 Mecom, Scott & Despot, Shreveport, for plaintiff-appellant.
Wilkinson, Lewis, Woods & Carmody, Shreveport, for defendant-appellant.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
In this action Charles Vester Dennis seeks collection of insurance payments for total disability as a result of an accident on June 9, 1960, at which time plaintiff was employed by the International Paper Company mill at Cullen, Louisiana. The Business Men's Assurance Company of America, the insurer of Dennis and sole defendant herein, has pleaded as its principal defense that when it discontinued disability payments November 9, 1961, plaintiff was not totally disabled within the meaning of its health and accident policy. After hearing the case on its merits the trial court rendered judgment holding plaintiff was in fact totally disabled from the accidental injury and awarded payments for the period of disability. The court denied plaintiff's claim for penalties and attorney's fees under LSA-R.S. 22:657. Orders of appeal were perfected by defendant and plaintiff, the latter in order to reassert his claim for penalties and attorney's fees.
On June 10, 1959 Charles Vester Dennis, a 43 year old resident of Taylor, Arkansas, was insured under a policy issued by the defendant from its home office in Kansas City, Missouri. The policy provisions, inter alia, provided for payments for loss of income during loss of time. The contract of insurance was in force when Dennis sustained a back injury in the performance of the duties of his employment while engaged in trucking paper and stacking skids.
As a consequence of the accident, Dr. Ray E. King, orthopedic surgeon of Shreveport, surgically removed a herniated disc at th L-4-5 level on the left side. Approximately a year later, June 23, 1961, Dr. Heinz K. Faludi, neurosurgeon, performed an operation for the purpose of relieving pain of which plaintiff had complained following the operation by Dr. King. The operation by Dr. Faludi was described as a posterior rhizotomy of the L-5 nerve root on the left side.
Dennis was paid workmen's compensation by his employer on the basis of total and permanent disability which payments were still being received by the employee as of March 16, 1964, the date of trial. The defendant insurer promptly recognized that its insured was totally disabled within the terms of its policy and commenced monthly payments of $100.00 which continued until November 9, 1961, when they were discontinued for the stated reason that plaintiff was not totally disabled. This suit was instituted December 17, 1962 for the recovery of all accrued and unpaid monthly payments and for payments which would accrue during total disability.
In presentation of the case counsel for the appellant insurer advance the argument that plaintiff was not disabled within the terms of the insurance contract at the time of its discontinuance of payments, and further, that the trial court was in error in awarding disability payments accruing subsequent to the date of filing suit. The plaintiff objected to the judgment due to its failure to award penalties and attorney's fees.
The insurance contract provided indemnity "for loss resulting directly and independently of all other causes from accidental bodily injuries sustained during any term of this policy" where total loss of time *433 is involved and such injuries are totally and continuously disabling. After proof of loss the company is obligated to pay $100.00 monthly "so long as the insured lives and remains so disabled." Total disability is defined "as inability to perform the duties of any gainful occupation for which the insured is reasonably fitted for education, training and experience."
In determining whether liability exists our courts have recognized that total disability is necessarily a relative matter and must rest chiefly on the peculiar circumstances of each case and particularly upon capabilities of the person injured. The rule uniformly adopted holds that total disability as contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness but contemplates inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation in substantially his customary and usual manner. This legal principle as written in 14 R.C.L. § 491, has been sanctioned in Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52 (1934); Boughton v. Mutual Life Insurance Company of New York, 183 La. 908, 165 So. 140 (1935); Madison v. Prudential Insurance Company of America, 190 La. 103, 181 So. 871 (1938); Patterson v. Metropolitan Life Insurance Company, 194 La. 106, 193 So. 478 (1939); Nomey v. Pacific Mutual Life Insurance Company, 212 La. 820, 33 So.2d 531 (1947); Ayres v. New York Life Insurance Company, 219 La. 945, 54 So.2d 409 (1951).
As we have observed, total disability within the meaning of the policy under consideration is the inability to perform the duties of any gainful occupation for which the insured is reasonably fitted by education, training or experience. Relevant, therefore, are the established facts concerning the education and work experience of the insured. The schooling of the plaintiff ended in the sixth elementary grade. His record of work discloses an experience in jobs requiring for the greater part physical labor including work on a pipeline, at farming and at the paper mill. While in the military service the plaintiff performed some work in the Quartermaster's Department. After returning to the paper mill in 1953, Dennis was employed as a carpenter or carpenter's helper until the date of injury. These occupations without exception required heavy lifting.
Uniformly the medical examiners were of the opinion that plaintiff's back was weakened as a result of the injury. Dr. King estimated a permanent disability of ten per cent of the back and Dr. Faludi ten per cent permanent disability of the body as a whole. In order to avoid risk of further damage, lifting, they thought, should be limited to not more than thirty or forty pounds. Given a hypothetical question, a witness at the trial, Harold E. Jones, a specialist in job placement, expressed the opinion Dennis would be unemployable and unacceptable to any but a tolerant employer. Considered in the light of his educational, physical limitations and job experience, we entertain no doubt Dennis has been placed at a disadvantage in the competitive labor market.
Counsel for appellant insurer denies liability for an additional reason. It is argued Dr. John D. Jackson, neurosurgeon of New Orleans, had found a degenerated condition of the disc at the locus of the operation by Dr. King which condition was congenital or developmental and had existed prior to the injury on June 9, 1960, and, that forasmuch as the degeneration of the disc was an existing and perhaps contributing factor in causing the herniation of the disc, the loss has not resulted directly and independently of all other causes from bodily injuries actually sustained as prescribed by the policy. We think the argument is without merit. Carnelious v. Louisiana Industrial Life Insurance Company, 18 La.App. 739, 138 So. 533 (Orl. Cir. 1931); DeBlieux v. Travelers Insurance Company, 185 La. 620, 170 *434 So. 14 (1936); Thibodeaux v. Pacific Mutual Life Insurance Company, 237 La. 722, 112 So.2d 423 (1959), 75 A.L.R.2d 1228. In Thibodeaux v. Pacific Mutual Life Insurance Company, after carefully considering this same question, the court declared that a review of the authorities was convincing that where a dormant condition is awakened by accident the condition is not deemed the cause of the disability or loss which the insured suffers. Thibodeaux presented a factual situation analogous to that found in the instant case. There, the insured sustained a low back injury when the bed of a truck broke and precipitated him to the ground, thereby culminating in a disability which he had not experienced previously. The insured denied liability under the policy on the ground the insured had a congenital spondylolisthesis which affected the condition for which recovery was sought and consequently the loss did not result "directly and independently of all other causes from bodily injuries actually sustained." The record herein discloses that Dennis, who was aged 44 years when the injury to his back occurred, did not have any history of prior back trouble.
It is also contended the trial judge erred in decreeing payment of benefits for the period of disability beyond the date of filing suit as the judgment signed on September 30, 1964 provided for monthly disability payments beginning September 9, 1964 and monthly thereafter during plaintiff's total disability. The insurance contract, however, does expressly provide for payment in case of total disability of the monthly indemnity specified as long as the insured lives and remains so disabled. Having furnished proof to the satisfaction of the court that the insured was then actually wholly disabled it must be presumed such condition will continue until either the insured recovers his ability to perform common labor, or becomes rehabilitated to the extent that he can perform to the satisfaction of an employer a gainful occupation that does not require physical exertion beyond his means. Strauss v. New York Life Insurance Company, 204 La. 202, 15 So.2d 61 (1943). Whenever the insured's status of disability undergoes substantial change the insurer, it can be expected, will take appropriate action to discontinue payments under the policy. We hold, therefore, it is proper for the judgment to provide for payments during total disability.
Finally, we give consideration to plaintiff's contention that penalties and attorney's fees should be awarded under the provisions of LSA-R.S. 22:657. This particular section of the statute is applicable only to policies issued in this state. It is evidenced by the record that the policy herein involved was not issued in the state of Louisiana. The rule in such instances is that statutory penalties will not be given extraterritorial effect. See McBride v. Connecticut Life Insurance Company, D.C., 14 F.Supp. 240 (1935) where a similar question was presented. Albeit in our opinion the discontinuance of disability payments by the insurer was predicated on just and reasonable grounds "such as would put a reasonable and prudent business man on his guard." After the operation performed by Dr. Faludi on June 23, 1961 for the relief of residual pain, the insurer was notified that Dennis could work at a gainful occupation where he did not have to perform heavy manual labor. As of the time disability payments were discontinued the insured had not made a serious effort to find gainful employment. The insurer, we think, was justified in submitting this matter to court.
Accordingly, the judgment will be affirmed at defendant's costs.