LANDRY, Judge.
Defendant (American Benefit) appeals from a judgment awarding plaintiff (Ap-pellee) recovery of disability benefits in the sum of $1,000.00, under a health and accident policy, together with a like amount as penalties, and attorney’s fees in the sum of $700.00. We reverse.
The issue to be resolved is whether coverage is excluded under such a policy where the accident activates a dormant preexisting condition, infirmity or disease.
Subject policy insures Appellee as a member of a group known as Continental Auto Association. In pertinent part, the policy reads as follows:
“ . . .is hereby insured against the loss of . . . time to the extent herein limited and provided, resulting from bodily injuries effected solely, directly and independently of all other causes through EXTERNAL VIOLENT AND ACCIDENTAL MEANS, which . . . shall not be caused wholly or in part, directly or indirectly by any disease, defect or infirmity . . . ”
* * * * * #
“EXCEPTIONS
“This certificate does not cover . disability . . . caused or contributed to directly or indirectly, wholly or partly: (1) By disease in any form ...”
Plaintiff is a 66 year old bus owner-driver. On October 25, 1970, plaintiff was injured while riding as a fare paying passenger in a taxi. Immediately following the accident, he was seen in the emergency room of Terrebonne Hospital by Dr. Felix Mathieu, an associate of Dr. Mathew Thomas. Dr. Mathieu was not called to testify herein. From the testimony of plaintiff and Dr. Thomas, it appears Dr. Mathieu found plaintiff complaining mostly of chest pains resulting from contusions in the area of the left chest. According to plaintiff, Dr. Mathieu suggested plaintiff return for a checkup in February, 1971.
On February 8, 1971, plaintiff was examined by Dr. Thomas to whom plaintiff related a history of the accident. Plaintiff complained principally of pains in the left knee upon walking or bending. X-rays taken of plaintiff’s left knee showed no evidence of fracture or dislocation. Dr. Thomas also found moderate local tenderness in the area of plaintiff’s left knee and observed a fairly good range of motion in this member. Although Dr. Thomas noted that plaintiff showed some discomfort in the area of the knee, he found no atrophy. Dr. Thomas diagnosed plaintiff’s condition as “ . . . a traumatic type of contusion or strain to this area with overlying, due to some overlying arthritic problem which he had. . . . ” Dr. Thomas prescribed anti-inflammatory medication and suggested plaintiff’s return in several weeks for a follow-up examination.
Plaintiff was next seen by Dr. Thomas on February 22, 1971, at which time plaintiff still complained of pain in the left knee. Moderate tenderness to touch was noted by Dr. Thomas on the lateral side of the knee. The knee was injected with a steroid cortisone compound and a local antiseptic. On March 18, 1971, plaintiff returned, still complaining of discomfort in the knee, but some improvement was found by Dr. Thomas in that the degree of tenderness had lessened to the point it was considered only slight. Dr. Thomas again injected the *863 knee and prescribed a different type arthritic medication. Plaintiff was last seen by Dr. Thomas on April 8, 1971, at-which time plaintiff complained about his right leg. Examination disclosed no evidence of a vascular problem. Dr. Thomas felt that plaintiff was probably experiencing in his right leg the same type of difficulty previously noted in the left leg. Dr. Thomas recommended plaintiff continue the last prescribed medication. In Dr. Thomas’ opinion the accident of October 25, 1970, activated a dormant pre-existing arthritic condition. He conceded his prescribed treatment was that normally recommended for a patient with a localized joint arthritic problem.
It is conceded that plaintiff had an existing arthritic condition which was activated by the accident. It is also admitted that plaintiff was disabled, although the length of the period of disability is disputed, a matter which need not be resolved in view of our finding of a lack of coverage.
Among the more recent decisions dealing with the question before us are Moore v. Prudential Insurance Company of America, decided June 11, 1973, La., 278 So.2d 481; Thibodeaux v. Pacific Mutual Life Insurance Company, 237 La. 722, 112 So.2d 423, and Dennis v. Business Men’s Assurance Company of America, La.App., 175 So.2d 431.
Appellant belies upon the rule established by the cited cases to the effect that where accidental injury activates a dormant bodily infirmity or disease, recovery is nevertheless allowed in cases of this nature on the theory that the disease is not deemed a contributory factor within policy terms which exclude disability resulting directly or indirectly from bodily disease.
We find, however, that the facts of the instant case do not bring it within the ambit of the cited authorities. Moore, the most recent pronouncement on the subject, involved a geologist who sustained a fracture of his upper right femur in 1954. Despite numerous surgical procedures, the injury did not heal for a period of five years. The resulting disability compelled the injured plaintiff to change his occupation to the less strenuous field of teaching. In October, 1962, Moore again fractured his right femur in a fall. Convalescence from this injury lasted until December, 1967. This accident left Moore’s right leg five inches shorter than his left leg. In 1969, Moore’s right leg was again fractured at the same site, resulting in amputation above the knee. The medical testimony showed that Moore developed osteomyelitis, a bone infection, as a result of the first accident, which condition became quiescent. It also appears the second fracture activated the dormant osteomyelitis, and that the third injury made amputation necessary. After noting the troublesome nature of cases of this sort, Moore, above, establishes the following rule:
“As a general rule, it has been stated that if there is a pre-existing disorder or illness at the time an injury is received, recovery may still be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability. 1A Appleman, Insurance Law and Practice, § 403 (rev. ed. 1941)
“In Thibodeaux v. Pacific Mutual Life Insurance Co., 237 La. 722, 112 So.2d 423 (1959), where the injury was found to be caused by accidental means and this occurrence awakened a pre-existing congenital condition of infirmity, recovery was granted. There we approved this statement of the law:
‘We think that, if the accident is the proximate cause of the death (or disability) and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death (or dismemberment) after being so precipitated by the accident, it (the dis *864 ease) is not a proximate cause of the death (or dismemberment) nor a contributing cause within the meaning of the' terms of the policy. (Parenthesis added.)”
We interpret Moore, above, to hold that in determining whether the activation of a pre-existing dormant disease precludes recovery under a policy providing benefits for loss or disability resulting from injury effected solely through external, violent and accidental means, not contributed to directly or indirectly, wholly or in part, by disease or bodily infirmity, the issue is resolved on a finding of proximate cause. If the injury is found to be sufficiently severe to have caused considerable physical injury, and such injury sets in motion or activates a dormant pre-existing physical disease or bodily infirmity, and the disease or infirmity so activated merely contributes to the loss or disability, but is not the proximate or principal cause thereof, the disease is not considered either the proximate cause of loss or disability or a contributing cause within the meaning of the terms of the policy.
We find no significant difference between the policy provisions involved in Moore, Thibodeaux and Dennis, above, and those contained in subject policy.
We note that in Moore the injury was sufficiently severe to produce a fracture. In Dennis, plaintiff’s accident resulted in a herniated disc. In Thibodeaux, it was determined the accident injured back muscle attachments that hold and stabilize the bone structure, and that the pain plaintiff suffered was the result of breeching of the traumatized area.
In the instant case, the record is devoid of testimony showing the severity of the injury to plaintiff’s left knee. As noted, the initial treating physician, Dr. Mathieu, did not testify. There is no testimony or other evidence as to whether or not plaintiff’s knee was'examined by Dr. Mathieu. Dr. Mathieu did not suggest plaintiff’s return for a follow-up examination until several weeks later. From this, it is reasonable to presume he considered plaintiff’s injuries relatively minor. Dr. Thomas did not see plaintiff until three and one-half months after the accident. Although Dr. Thomas testified the accident activated plaintiff’s pre-existing arthritis, he did not attempt to categorize the degree of injury (contusions) as light, moderate or severe. Neither did he testify that the injuries inflicted severe physical injury. The record contains no medical testimony of fracture, laceration or muscular or liga-mental damage or involvement. Neither does the record contain any evidence from which it can reasonably be concluded that the accident caused severe physical damage to plaintiff’s knee. From Dr. Thomas’ testimony, it is clear that plaintiff’s arthritis, once activated by the injury, did not merely contribute to plaintiff’s disability, but in fact became the proximate or principal cause of disability. Being the proximate cause of disability, plaintiff’s arthritis must be deemed a contributing cause within the policy terms which exclude coverage when disease is a contributing cause of disability.
The judgment of the trial court in favor of plaintiff, Calvin L. Martin, and against defendant, American Benefit Life Insurance Company, is reversed and set aside and judgment rendered herein dismissing plaintiff’s action, with prejudice; all costs of these proceedings to be paid by plaintiff, Calvin L. Martin.
Reversed and rendered.