MILLER, Judge.
Plaintiff Mrs. Daisy LaCour appeals the trial court judgment denying the full amount of her claim for hospital and disability benefits provided by defendant Colonial Life & Accident Insurance Company. Plaintiff also appeals the trial court’s refusal to award penalties and attorney fees. We affirm.
The trial court awarded plaintiff the $1,480 tendered by defendant after suit was filed, but expressly held plaintiff was not totally and permanently disabled within the meaning of the policy. We do not understand this inconsistent ruling, however, defendant did not answer the appeal to seek a reversal of the judgment.
We fail to find manifest error in the trial court’s factual determination that plaintiff failed to prove she was wholly and continuously disabled from performing any and every duty pertaining to her occupation.
On April 28, 1974 Mrs. LaCour was employed as a teacher in the Natchitoches Parish School system. While on a fishing trip she fell causing severe injuries to her knee. She was taken to the hospital and her physician thought an operation might be necessary to repair the injury. The doctor advised this 211 pound 41 year old patient not to place weight on that leg. He thought she would not return to her work and was not informed that she actually returned to work.
After missing four days of school Mrs. LaCour returned to her classroom on crutches and finished the school year ending May 30, 1974. On June 5 an orthopedic surgeon reconstructed the patellofe-moral mechanism, and plaintiff was not discharged as able to return to her teaching profession until January 19, 1975.
The first notice of this claim was received by Colonial on August 19, 1974 in the form of an incompleted proof of loss. There was no indication surgery had been performed. The top half of the one page proof of loss was completed by the treating physician and it stated plaintiff was injured April 28, 1974 and was continuously totally disabled from April 1974 thru “undetermined.” The bottom half of the proof of loss was to be completed by Mrs. LaCour. She did not answer the four questions asking for 1) dates totally disabled, 2) dates partially disabled, 3) dates confined to hospital, and 4) dates confined to house. Plaintiff explained why she didn’t answer these questions at Tr. 34:
Let me explain myself, but in the meantime I couldn’t say that I was totally disabled from [April 28] up to the time I went back to work because I did go back to work, and if I have been totally disabled I could not have gone back to work even though after going back to work I was on crutches. But if I had been totally disabled I would have been at my house.
Colonial’s policy did not provide benefits for partial disability and defined total disability as injuries “sustained by the Insured and within 20 days from date of accident, independently of all other causes, wholly and continuously disable the Insured from performing any and every duty pertaining to his occupation.” Monthly benefits of $200 were to be paid “for the period of such loss of time.”
*460 On September 11, 1974 plaintiff for the first time notified Colonial of her claim that she had been totally disabled from the date of the April 28th accident. Within ten days of this notice, the company received a report from Mrs. LaCour’s orthopedic surgeon stating she was only partially disabled.
To establish manifest error, in the trial court’s holding (that Mrs. LaCour failed to establish she was disabled within the meaning of the policy), she cites Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951); Pete v. Metropolitan Life Ins. Co., 171 So. 868 (La.App. 1 Cir. 1937), and Dennis v. Business Men’s Assurance Company of America, 175 So.2d 431 (La.App. 2 Cir. 1965). These cases recognize the rule that total disability is a relative matter and must rest chiefly on the peculiar circumstances of each case and particularly upon capabilities of the person injured. Total disability as contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness but contemplates inability to do substantially all the material acts necessary to the prosecution of the insured’s business or occupation in substantially his customary and usual manner. The trial court acknowledged this to be a correct statement of the law.
In both Ayres and Dennis, the appellate court affirmed the trial court’s holding that the insured proved his disability and could not return to work. In Pete, the trial court found that, after receiving thirteen weeks of disability benefits, a railroad section laborer had performed his usual work for a three week period. The appellate court reversed and held the insured laborer proved he was unable to perform his work during the period his employer asked him to return to the job. This was confirmed when the employer discharged him at the end of the three week period because the section laborer could not perform the work.
As distinguished from these cases, Mrs. LaCour returned to work within five days of the accident and worked for a period of almost one month. By h'er own testimony she was not “wholly and continuously disabled from performing any and every duty pertaining to [her] occupation.” Although she testified she couldn’t do the work required of her as a school teacher, she did not bring evidence to disprove the school records that established she performed her work as a classroom teacher.
Where evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this factual finding absent manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3 Cir. 1975).
Finding no manifest error in the trial court’s factual determination, we do not reach the issue of penalties and attorney fees under LSA-R.S. 22:657.
The trial court judgment is affirmed at plaintiff’s costs.
Affirmed.