Kenneth J. GENZER, Sr., Appellant,

v.

INSURANCE CO. OF NORTH AMERICA, a foreign insurance corporation, Appellee.

No. 53640.

Court of Appeals of Oklahoma, Division No. 2.

May 12, 1981.

Rehearing Denied June 29, 1981.

Certiorari Denied Sept. 1, 1981.

Released for Publication by Order of Court of Appeals Sept. 3, 1981.

Howard K. Berry, Jr. and Howard K. Berry, III, Oklahoma City, for appellant.

Patrick M. Ryan and Brooke S. Murphy, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

BACON, Presiding Judge.

This appeal involves a suit for benefits under a group disability insurance contract. Appellant, Kenneth J. Genzer, was employed from 1956 until 1973 by McGraw-Hill, Inc. During the employment he worked as a "reporter-salesman." His duties involved traveling a three—state area to acquire stated needs of contractors, assembling a tailor—made package according to those needs and then selling the package.

In 1973 Appellee, Insurance Co. Of North America, wrote a group disability insurance contract covering McGraw-Hill, Inc., employees. The policy contained the following provision relative to defining the term total disability:

"Total disability as used in this section (B) means inability of the individual to engage in any occupation or employment for which he is qualified or may reasonably become qualified by reason of his education, experience or training."

In 1973, after the group disability insurance contract had gone into effect, Genzer

retired due to medical reasons. Appellee paid Genzer benefits under the policy until April 1, 1976 (some 24 months) at which time the policy terms required Genzer to prove that he was totally disabled within its provisions.

After Appellee refused to make further payments Genzer filed the present action to determine the issue of whether he was totally disabled under the terms of the policy. The case was tried to a jury which returned a 10–2 verdict against him. Genzer now challenges that verdict by urging that the trial court erred in giving certain instructions and refusing to give certain requested instructions.

All three of Genzer's propositions for error relate to instructions, either refused or given by the trial court and we will therefore discuss the propositions as one.

The two challenged instructions that were given by the trial court read:

### INSTRUCTION NO. 5

The insurance policy in question in this lawsuit is a contract between the plaintiff and the defendant. That contract fixes the rights and obligations of the parties to this lawsuit.

The policy provides that if the plaintiff, after receiving the benefits for total disability from his own occupation, in this case April 1, 1976, is then totally disabled from engaging in any occupation or employment for which he is qualified or may reasonably become qualified by reason of his education, experience or training, he is entitled to certain monthly disability payments while he remains so disabled. No benefits are payable under the policy if plaintiff was not totally disabled from any occupation on April 1, 1976, or if plaintiff's disability is a result of a mental or nervous disorder.

### INSTRUCTION NO. 6

The amount of the benefits and the period of payment under the policy is not in issue, and, therefore, you will not be concerned with these issues.

The sole issue to be determined by you is (1) whether the plaintiff was totally disabled within the terms of the policy from engaging in any occupation or employment for which he was qualified by reason of his education, experience or training on April 1, 1976.

If you find the plaintiff was totally disabled from engaging in any occupation as set forth above on April 1, 1976, and you further find that said disability has continued until the present time, then your verdict should be for plaintiff.

If, on the other hand, you are not persuaded that the plaintiff was totally disabled from engaging in any occupation on April 1, 1976, or if you find that any such disability was due to a mental or nervous disorder, your verdict should be for defendant.

Genzer requested certain instructions be given but they were refused by the trial court. The following three requested instructions underpin the argument raised upon appeal:

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 2

The question presented to you is whether the plaintiff, Mr. Kenneth Genzer, is "totally disabled" under the terms of the defendant's policy and the laws of Oklahoma.

The definition of "totally disabled" does not mean a state of absolute helplessness but, rather, an inability to perform the tasks of an occupation that is comparable in dignity, permanency and compensation to the occupation that Mr. Genzer was engaged in at the time he became disabled.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 3

You are instructed that it is uncontroverted that the defendant paid the plaintiff total disability benefits under Section A of their insurance contract which make the following definition:

"Total disability" as used in this section means inability of the individual to perform the substantial and material duties pertaining to his occupation.

The plaintiff now makes a claim under the provisions of Section B of the insurance contract. This claim has been denied by the defendant. The provisions of Section B, as pertaining to total disability, provide as follows:

"Total disability" as used in this section means inability of the individual to engage in any occupation or employment for which he is qualified or may reasonably become qualified by reason of his education, experience or training.

The legal definition of "totally disabled" does not mean a state of absolute helplessness but, rather, an inability to perform tasks of any occupation that is comparable in dignity, permanency and compensation to the occupation that Mr. Genzer was engaged in at the time he became disabled.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 4

In determining whether the plaintiff was totally disabled and unable to engage in any occupation or employment for which he is qualified or may reasonably become qualified by education, training or experience, you should take into account such factors as the insured's education, experience and inability to follow another vocation, together with the dignity, permanency and amount of income which can be earned from the substituted or alternative occupation.

Using the guidelines given above, if he can engage in any occupation or employment comparable to the dignity, permanency and amount of income which his education, experience and ability permit, then he is not totally disabled under the provisions of the policy.

Genzer's argument is, therefore, that the trial court should have instructed the jury that in considering total disability, it should, among other things, consider the dignity, permanency and remuneration of any occupation or employment that he was qualified to do by reason of his education, experience, or training.

Appellee counters this by arguing that Genzer's argument is one of semantics because the instructions given and the ones refused are basically the same.

Genzer directs our attention to *Metropolitan Life Co. v. Fisher*, Okl., 382 P.2d 434 (1963). In *Fisher*, the court said:

It appears that in insurance policies such as the one here concerned, two general types of "total and permanent disability" are defined: (1) "non-occupational" policies insure against disability to perform *any* occupation, and (2) "occupational" policies insure against disability to perform a *particular* occupation. The latter type, involving the greater risk, would warrant a higher premium. Plaintiff in this case was insured under a policy of the former type.

The distinction between the two has been recognized by this court in past decisions. See the following cases involving policy provisions of the "non-occupational" type: *American National Ins. Co. v. Story*, 178 Okl. 519, 63 P.2d 33; *Metropolitan Life Ins. Co. v. Brown*, 190 Okl. 338, 123 P.2d 255; *Continental Casualty Co. v. Wynne*, 36 Okl. 325, 129 P. 16; *New York Life Ins. Co. v. Razook*, 178 Okl. 57, 61 P.2d 686; and *Mid-Continent Life Ins. Co. v. Bean*, 179 Okl. 394, 65 P.2d 1018.

For a case involving a provision for disability of the "occupational" type, see *Metropolitan Life Ins. Co. v. Richter*, 173 Okl. 489, 49 P.2d 94.

On appeal in the instant case, Metropolitan presents three propositions, one of which is that the court erred in an instruction to the jury in which he defined "total disability" as

"* * * a disability to engage in the important and necessary functions of *the trade or profession described in the application and policy* * * *." [Emphasis theirs]

It is evident that under this instruction, the jury was permitted to return a verdict for plaintiff upon a bare showing that he was totally and permanently disabled from working as a roustabout. It had the effect of reducing the quantum of proof required of plaintiff, and the further effect of subjecting the defendant company to liability for a risk not

covered by its insurance contract. It was therefore erroneous and prejudicial, and had the effect of denying defendant a fair trial.

In this connection, it should be noted that this court has consistently construed policy provisions of the "non-occupational" type liberally in favor of the insured. *We have held generally that in order to preclude a finding of total and permanent disability, insured's new occupation must be something at least comparable in dignity, permanency and remuneration to his old one.* See cases cited above. (Emphasis ours)

In the present case we think the policy is more akin to a "non-occupational" than an "occupational" policy. We say this because the policy in question does not insure against disability to perform a "particular" occupation, but insures against disability to perform any occupation or employment for which the insured is qualified or might reasonably become qualified by reason of his education, experience or training.

Having determined the policy in question to be of the "non-occupational" type, *Fisher, supra,* requires the policy to be liberally construed in favor of Genzer. And in so construing the policy, he is entitled to consideration of the dignity, permanency and remuneration of "any occupation or employment for which he was qualified or might reasonably have become qualified by reason of his education, experience or training in determining if he is 'totally disabled'."

To instruct otherwise would only confuse a jury. We say this because (and Appellee agrees) Genzer might sell pencils or newspapers on a street corner, but under the terms of the policy he could still be considered totally disabled. Appellee points out that Genzer had experience in the dairy business, had been a radio repairman, and had worked as a service station attendant. We do not think Appellee's position is that the fact that Genzer can work as a service station attendant prevents him from being considered totally disabled under the policy any more than if he is able to sell newspapers or pencils on a street corner. But where is the line drawn between one occupation and selling pencils or working as a service station attendant?

Under the instructions given the jurors they were not informed that the occupation or employments Genzer could do had to be at least comparable in "dignity, permanency and remuneration" to his past position before he could be adjudicated not totally disabled. Without some guidelines to limit what was meant by the wording "any occupation or employment for which he was qualified or might reasonably have become qualified by reason of his education, experience or training," the jury could not fairly have considered the proper law and facts applicable to the issue of being "totally disabled" under the policy.

We therefore hold the trial court committed reversible error when it refused to give the above requested instructions numbered 2 and 4. The case is reversed and remanded for new trial in accordance with the views expressed herein.

BOYDSTON and BRIGHTMIRE, JJ., concur.